[S. F. No. 770.   Department Two.—December 27, 1897.]

In the Matter of the Estate of JOHN M. CAVARLY, Deceased.

VOID TRUST UNDER WILL—SUSPENSION OF POWER OF ALIENATION.—A trust attempted to be created under the will of a testator, for the benefit of his children, by the terms of which the trustee was to divide the net income of the residue of his estate in equal shares among them to the survivors of them (the issue of any deceased child to share in such distribution by right of representation) until the younger son, then aged seventeen years, shall, or would if living, reach the age of thirty years, and at the expiration of such time to divide and distribute the said residue of his estate in equal shares among such of his children as may then be living, and the issue of any deceased child, such issue to share in the distribution *per stirpes* and not *per capita*, is void, as suspending the power of alienation for a time certain, and not dependent upon any life or lives in being.

ID.—CONSTRUCTION OF STATUTE—PERPETUITIES—FUTURE ESTATES—TIME OF VESTING—REMOTENESS—ALIENABILITY.—Our statute prohibiting the suspension of the power of alienation is not, properly speaking, against perpetuities, but simply prohibits restraints upon alienation, and makes a future estate void in its creation, if, by any possibility, it may suspend the power of alienation beyond the prescribed period, regardless of the time of vesting of such estate; nor does it insist upon the vesting of estates, but only upon their alienability, and the doctrine of remoteness has no materiality, except as it affects alienability.

ID.—VOID POSTPONEMENT OF POSSESSION—INVALIDITY OF TRUST—RULES OF CONSTRUCTION—INTENTION OF TESTATOR.—The rule that when an absolute estate is granted, but the right of possession and enjoyment is postponed, solely for the supposed benefit of the grantee, such postponement is void, as applied to future estates vesting in the issue of the children of the testator under the will, cannot affect the invalidity

of the trust attempted to be created by the will, which if valid, would operate to suspend the power of alienation for a fixed period; but the rule that when a testamentary disposition is made to a class, and possession is postponed, it includes all persons within the class at the time to which possession is postponed, and the rule of construction of a gift to a class that only those are included who are in existence at the time of the distribution, and the further rule that the word "issue" ordinarily means descendants to any degree, are in harmony with the testator's manifest intent, disclosed by the terms of the will to keep the property in his family and beyond the power of his descendants to dispose of for the prescribed period, and the case is clearly within the prohibition of the statute against the suspension of the power of alienation.

APPEAL from an order of the Superior Court of the City and County of San Francisco making partial distribution of the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Chickering, Thomas & Gregory, and Gerstle & Sloss, for Appellant.

Reddy, Campbell & Metson, and Ira D. Orton, for Respondent John M. Cavarly.

TEMPLE, J.—John M. Cavarly died in 1895 testate. The will was admitted to probate and letters testamentary were issued to the Union Trust Company of San Francisco in accordance with the terms of the will.

The estate as appraised consisted of personal property of the value of fifty thousand three hundred and sixty-three dollars and forty-one cents, and real property valued at thirty-seven thousand two hundred and ten dollars.

After some small legacies the testator attempted to dispose of the remaining estate as follows: "Fourth. All the rest, residue, and remainder of the estate, property, and effects, personal, real, and mixed, whatsoever and wheresoever situated, of which I may die seised or possessed, I give, devise, and bequeath unto my executor and trustee, hereinafter named, and to its successor and successors forever, in trust nevertheless, for the following uses and purposes, that is to say: "To have and to hold the same in trust for the equal use and benefit of my five children, to wit: My daughter, Ann Elizabeth, the wife of Edward F. Henzel, aged

about twenty-eight years; my daughter, Julia Frances Cavarly, aged about twenty-four years; my daughter, Jennie Day Cavarly, aged about twenty-three years; my son, John Mansfield Cavarly, Jr., aged about twenty years; and my son, Frank Bolles Cavarly, aged about seventeen years.

"And to divide the net income of the residue of my said estate in equal shares among my said children to the survivors of them (the issue of any deceased child to share in such distribution by right of representation) until my said younger son, Frank Bolles Cavarly, shall, or would if living, reach the age of thirty years, and at the expiration of such time to divide and distribute the said residue of my estate in equal shares among such of my children as may then be living and the issue of any deceased child, such issue to share in the distribution *per stirpes* and not *per capita*.

"In the event that any of my children should die before my death, leaving issue, such issue is to take the share in the estate which his, her, or their parent would have taken if living."

The beneficiaries of the trust which the testator thus attempted to create were his sole heirs at law.

In September, 1896, John M. Cavarly, son of the deceased and a beneficiary named in the trust, applied for a partial distribution under section 1658 of the Code of Civil Procedure. In his petition he set out the facts required in regard to indebtedness, etc., and averred that the trust attempted to be created was void, and asked that the portion of the property to which he was entitled be distributed to him. The court found the facts necessary to warrant a partial distribution, adjudged the trust void, and granted the petition. The executor appeals.

The objection to the trust is, that it suspends the power of alienation for a period certain and not dependent upon any life or lives in being. The appellant contends that the power of alienation is not suspended for a time certain, but that the trust will end and the property vest in possession, at least, upon the death of the last survivor of the beneficiaries named, whenever that shall occur.

Appellant contends that there are only three possible ways in which the property can go: 1. Some of the children of the testator may live to the end of the period. 2. All may die with-

in the period, leaving no issue. In such event the trust would end with the death of the last survivor; because the purpose of its creation would then fail. (Civ. Code, sec. 871.)   3. All of the testator's children may die within the period, one or more of them leaving issue.

It is contended that in such event the issue, or grandchildren of the testator, would take at once a vested estate in possession.

The children of the testator, it is said, do not take a vested estate because there is a gift over. If one of them were to die within the period, without issue, the portion which he might have taken would go under the terms of the trust to the survivors. So long as one of the named beneficiaries lives, it is, within the prescribed period, uncertain whether the remainder will vest in him. The estate will vest in such as may be living, and in the issue of any deceased child. But it is claimed that there is no gift over, as to the grandchildren. They, upon the death of their parents within the period, become vested with an indefeasible estate, and only the enjoyment and possession is postponed by the terms of the trust. And if all the children of the testator were dead, their children, being the only persons living and having an interest in the property, could insist upon immediate possession. The postponement is void, as against public policy, and as repugnant to the estate granted. (*Saunders v. Vautier,* 4 Beav. 115; Gray on Restraints on Alienation, sec. 105.)

In such case, the direction to postpone is void, and the validity of the gift is not affected by the fact that the time fixed for possession is beyond the limits allowed by the rule against restraints on alienation. The postponement being void, the estate does vest in possession within the period allowed. (Gray on Perpetuities, sec. 120; 1 Jarman on Wills, 292.)

We are not disposed to dispute these propositions laid down by the learned counsel of the appellant. Our statute is not, properly speaking, against perpetuities. It simply prohibits restraints upon alienation. The declaration that a future estate is void in its creation, which thus suspends the power of alienation, is to the same end. It is void if by any possibility it may suspend the absolute power of alienation beyond the prescribed period. Upon this point Chaplin, in his work on Suspension of

Alienation, section 1, remarks—speaking of the New York statute, from which ours was copied—that it affects all estates of every character which are capable of interfering with the power of alienation, and, secondly, that it does not insist upon the vesting of estates, but only their alienability. The doctrine of remoteness, therefore, has no materiality, except as it affects alienability.

But, keeping in view the rule that when an absolute estate is granted, but the right of possession and enjoyment is postponed, solely for the supposed benefit of the grantee, such postponement is void, is the power of alienation unduly suspended by the terms of this trust? It is the rule that when a testamentary disposition is made to a class, and possession is postponed, it includes all persons within the class at the time to which possession is postponed. (Civ. Code, sec. 1337.)

It is also a rule of construction of a gift to a class that only those are included who are in existence at the time of the distribution. (Gray on Perpetuities, sec. 698.) It is also true that the word "issue" ordinarily means descendants to any degree. (Jarman on Wills, 109.) All these rules point to the one conclusion, and that is against the position of the appellant. In my opinion, the language of the will, independently of these rules of construction, clearly manifests the same intent. The property was to be held for the period, and the trustee is directed to divide the residue in equal shares among such of the testator's children as may then be living and the issue of any deceased child, such issue to share in the distribution *per stirpes*, and not *per capita*. If any child were to die before the testator, leaving issue, such issue would take the share that his or her parent would have taken.

Evidently, the testator intended to keep the property in his family, and beyond the power of his descendants to dispose of for the prescribed period. He has used language which, understood in its usual and ordinary sense, would have accomplished the purpose had it been possible under our law to do so. In case of doubt, the courts will presume that a violation of law was not intended, and will interpret the language so as to make a lawful trust, if possible. That cannot be done here.

Issue who might have taken under the trust, but who did not

survive until the appointed time for the distribution, are not then issue of the testator. I see no reason for supposing that the word "issue" means children. There was no direction to distribute to the heirs of the issue, and that might have been necessary under the interpretation suggested by the appellant. There might be a widow of a deceased grandchild, who would have been a beneficiary had he lived. She would not come within the class designated, but she would be entitled to a share as heir under the construction contended for.

I think it obvious that the testator did not intend this, and such result can only be brought about by construing the language used by the testator against the rules of construction usually applied to such instruments.

I think, therefore, the case is within the prohibition of the statute and is controlled by the rule announced in *Estate of Walkerly*, 108 Cal. 637; 49 Am. St. Rep. 93.

If this conclusion is correct, it is not necessary to discuss the other objection urged, that the attempted trust was for purposes not authorized by the statute.

The order and judgment are affirmed.

Henshaw, J., and McFarland, J., concurred.

Hearing in Bank denied.