[S. F. No. 2114.    In Bank.—August 27, 1903.]

SARAH A. McCURDY, Respondent, v. ELLEN M. OTTO et al., Appellants.

TRUST DEED—INVALID TRUST TO CONVEY—DEVISEES OF TRUSTOR.—An express trust to convey real property, after the death of the trustor, to certain beneficiaries named in a deed of trust, is void under the laws of this state; and a conveyance made thereunder passes no title as against devises of the property under the will of the trustor.

ID.—PRESUMPTION OF CONSIDERATION.—The presumption of consideration for a deed cannot affect the invalidity of the express trust to convey contained in the deed of trust.

ID.—COMMON-LAW RULE ABOLISHED—STATUTE OF USES—POWERS IN TRUST TO CONVEY.—Neither the English statute of uses and trusts

nor the common-law rule relating to "powers in trust to convey" has any application in this state. The intention of the legislature in enacting the code provisions was to abolish the whole doctrine of uses and trusts at common law.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

A. R. Baldwin, William Rix, J. F. Bowie, and William Bosley, *Amicus Curiæ*, for Appellants.

The trust to convey in this case, there being no other active trust to be performed, is passive, and would be executed by the statute of uses. (*Matter of Livingstan*, 34 N. Y. 569; *Adams* v. *Perry*, 43 N. Y. 487; *Watkins* v. *Vrooman*, 51 Hun, 175; *Watkins* v. *Reynolds*, 123 N. Y. 211; *Tyson* v. *Houghton*, 96 Wis. 59; *White* v. *Fitzgerald*, 19 Wis. 487; *Goodrich* v. *Milwaukee*, 24 Wis. 422.) The statute of uses is part of the common law in this country, and is included in our adoption of the common law. (Pol. Code, sec. 4468; 1 Kent's Commentaries, pp. *299, *473; 1 Perry on Trusts, sec. 299; Tiedeman on Real Property, sec. 779; *Horton* v. *Sledge*, 29 Ala. 496; *Bryan* v. *Bradley*, 16 Conn. 483; *Johnson* v. *Johnson*, 7 Allen, 197; *Rollins* v. *Riley*, 44 N. H. 11; *Guest* v. *Farley*, 19 Mo. 149; *Hamilton* v. *Kneeland*, 1 Nev. 40; *Ex parte Blanchard*, 9 Nev. 101; *Evans* v. *Cook*, 11 Nev. 69.) *Estate of Fair*, 132 Cal. 535,[1] expressly reserved the question of the statute of uses as part of the law of California. The deed here was a deed of grant, and imports a consideration, and the equitable estate of the beneficiaries follows the consideration. (2 Pomeroy's Equity Jurisprudence, 2d ed., sec. 981; Perry on Trusts, sec. 95; *Chandler* v. *Chandler*, 55 Cal. 267; *Hill* v. *Den*, 54 Cal. 620; *Sherman* v. *Estate of Dodge*, 28 Vt. 25-27; *Lynch* v. *Livingston*, 8 Barb. 463; *Doe* v. *Devis*, 2 Mees. & W. 511.) Assuming that the statute of uses is not in force here, equity would execute the use and decree a conveyance. (*Chandler* v. *Chandler*, 55 Cal. 267; *Greer* v. *Blanchard*, 40 Cal. 197; *Sherman* v. *Estate*

[1] 84 Am. St. Rep. 70.

*of Dodge*, 28 Vt. 26.)   The deed creates a power to convey which is valid in this state.   (*Morffew* v. *San Francisco etc. R. R.*, 107 Cal. 587; 1 Sugden on Powers, pp. 41, 42; 4 Kent's Commentaries, p. 317; 2 Washburn on Real Property, p. 305.)

George D. Collins, for Respondent.

The trust to convey is void under the terms of the Civil Code.   (*Estate of Fair*, 132 Cal. 523;[1] *Estate of Sanford*, 136 Cal. 97.)   Neither a void trust nor a trust to convey is within the statute of uses.   (2 Pomeroy's Equity Jurisprudence, sec. 992; 1 Perry on Trusts, sec. 305; *Estate of Fair*, 132 Cal. 536.[1])   A trust deed does not require a pecuniary consideration to support it.   (Civ. Code, sec. 1040; Washburn on Real Property, sec. 1333.)   A void trust cannot be upheld as a power in trust.   (*Estate of Fair*, 132 Cal. 638.[1])

LORIGAN, J.—This appeal involves the validity of a deed "in trust to convey" certain premises described therein. The principal facts necessary to illustrate the points involved are as follows: James Macken and his wife, parents of the female parties hereto, on the fifteenth day of February, 1886, executed and delivered to Thomas B. Bishop a deed, wherein they granted to said Bishop the real property embraced in this controversy, in trust, first, to permit the said James Macken, during his natural life, to retain the possession, use, and management of said property, and collect for his own benefit the rents, income, and profits thereof; second, upon his death "to convey the said real property in fee simple absolute to Ellen Macken and Elizabeth Macken, defendants herein, in equal shares."   The trustor died on the 25th of October, 1896, (his wife died prior thereto,) leaving a will in which, after making certain bequests, and without mentioning, or referring to said trust deed, or the real property described therein, he devised the rest and residue of his estate to his three daughters (defendants and plaintiff) in equal shares, which will was duly admitted to probate in the superior court of the city and county of San Francisco. After the death of said James Macken, and on November 2, 1896, Thomas B. Bishop, the trustee, in accordance with the trust

[1] 84 Am. St. Rep. 70.

declared in said deed, conveyed the said real property to
Ellen Otto, formerly Ellen Macken, and Elizabeth Macken,
the defendants, who by virtue of said deed claim title to the
whole of said property in fee.    The plaintiff, the other
daughter,—omitted under said trust deed,—brought this
action, claiming under the will of said James Macken, to
quiet title to an undivided one third of said property, upon
the theory that the trust to convey, authorized in the deed of
trust to Bishop, was void; that the real property mentioned
therein became, upon the death of said Macken, part of his
estate, and under the residuary clause in the will went in
equal shares to the defendants and plaintiff.    Judgment went
for the plaintiff, and from that judgment, and an order deny-
ing their motion for a new trial defendants appeal.

The only point in this case is the validity of said trust deed,
in so far as it attempts to create a "trust to convey" the real
property mentioned therein.    An examination of the opinion
in *Estate of Fair*, 132 Cal. 523,[1] would seem to fully dispose
of this point, and it does so, unless there is some merit in the
claim made by appellants, that a different rule is to be ap-
plied in the case at bar, from that declared in *Estate of*
*Fair*.    In the Fair case the court says, speaking of a clause
in the will creating a trust to convey: "In determining
whether or not the trusts declared in the fifteenth clause are
valid, the primary and most important consideration is, that
an express trust to convey real property to beneficiaries is not
lawful under the statutes of this state, but is by such statutes
forbidden. . . . Clearly, however, such a trust is made by our
code invalid.    Our law upon the subject shows an intent to
avoid the intricacies, frauds, and concealments which were
possible under the old system of trusts and uses, whereby the
title to real property was allowed to be in one person and the
beneficial use in another, to such an extent that the con-
fusion following was intolerable; and the purpose of the
code provisions is clearly to confine trusts within very nar-
row limits, and to allow them only in a few instances where
they might be specially used to subserve proper and neces-
sary purposes.    Section 847 of title IV of the Civil Code,
provides as follows: 'Uses and trusts in relation to real prop-

[1] 84 Am. St. Rep. 70.

erty are those only which are specified in this title;' and section 857 in the same title is as follows: 'Express trusts may be created for any of the following purposes.' Then follow four subdivisions, providing the purposes for which express trusts may be created, and neither of them includes a trust to convey real property, except only as it may be an incident to the trust 'to sell real property and apply or dispose of the proceeds in accordance with the instrument creating the trust.' And as a trust to convey real property to beneficiaries was one well recognized by the common law, it is quite clear that these provisions of the code were intended to abolish and do abolish such a trust. Therefore, the attempted declaration of trust in the decedent's will to transfer and convey, so far as real property was intended to be affected thereby was void." (*Estate of Fair,* 132 Cal. 527.[1]) Notwithstanding this apparently clear declaration upon the subject of uses and trusts, appellants contend that the rule in the Fair case, while it may apply in the construction of a trust provision to convey in a will, has no application to the construction of a similar trust in a deed, because the law presumes a consideration to have been paid for a deed, and hence, notwithstanding the "trust to convey" may be void, because violative of our statute concerning "uses and trusts," as declared in the Fair case, yet on account of this presumption of consideration which the law raises, the direction to convey the trust estate will be deemed, in equity, to be executed in harmony with the intention of the trustor, under the trust deed, by operation of the English statute of uses (which they insist is in force in this state), without and independent of the making, or necessity for making, an actual conveyance to the beneficiaries by the trustees. In other words, that, as the foundation for the conveyance to the trustees in trust to convey to the beneficiaries, is the consideration which the law implies from the execution of the instrument itself, and as an intention to convey is manifest from the language used in it, equity will, under the common-law statute of uses, effectuate the transfer as intended by the trustor, although the mode designed by him to accomplish it is invalid. This contention derives all its force from the

[1] 84 Am. St. Rep. 70.

assumption of appellants that the common-law statute of
uses is in force in this state, so that, if the common-law doc-
trine contended for does not prevail here, the contention is
without merit, and will require no further consideration.
This same point was made in the Fair case, learnedly dis-
cussed in the briefs of counsel on both sides, and disposed of
by the court. The quotation which we have heretofore made
from the opinion in that case determines two points,—1. That
the English statute of uses has no place in our legal system;
and 2. That the code provisions are conclusive as to the char-
acter of valid trusts which may be created in this state.

The provisions of our code declare the law as to trusts, and
leave no room for construction. They determine what kind
of trusts shall be permitted, and no others can be legally
created. The whole doctrine of uses and trusts at common
law, with its subtleties and refinements, was thoroughly well
known and appreciated when the provisions of the code were
adopted, and the intention and purpose of the legislature was
to abolish the common-law rule, and establish a simple and
restricted system as to the manner of creating trusts, and the
purposes for which they might be created. "Uses and
trusts," as existing and construed at common law, were ex-
cluded from our system, and there is no room for any con-
struction which can ingraft them upon the provisions of the
code. The only purposes for which trusts may be created
our statute expressly provides for. Under it, the trust to
convey to beneficiaries is unauthorized and invalid, and it
would present an anomalous legal condition should it be
held that a trust, invalid because violative of the statute of
this state, can be made effective under the English statute of
uses and trusts. While we are satisfied that the English
statute has no operation in this state, and, hence, appellants'
claim to any benefit under it might now be dismissed from
further consideration, before doing so it may be said that
the statute of uses never operated except in execution of a
valid use or trust. It never could be invoked in aid of an
invalid one, and as the trust to convey, attempted to be cre-
ated by the deed in question, was invalid under the statute of
this state, the statute of uses, even if in force here, could not
have executed it. (*Estate of Fair*, 132 Cal. 537.[1])

---

[1] 84 Am. St. Rep. 70.

The last claim of appellant is, that if the conveyance cannot be executed under the common-law statute of uses and trusts, the deed should nevertheless be construed as creating a "power in trust to convey," and not a "trust to convey." We certainly find nothing in the deed upon which such a claim can be based, and we could not so construe the provision of the trust, unless we disregarded the plain and obvious language of the conveyance. There is no pretense of the creation of a "power." The property is plainly deeded in trust to convey. It is so specified in the deed, and this trust to convey is the only active duty, in fact the only obligation, which, under the trust deed, the trustees are to perform. But assuming that, by any process of construction, the provision in the deed could be tortured into creating a "power in trust to convey," this could afford the appellants no comfort, because it was decided in the Fair case that the common-law rule as to "powers in trust to convey," like the common-law statute of uses and trusts, has no application in this state. (*Estate of Fair,* 132 Cal. 537.[1])

We have discussed all the points made by counsel in support of the deed, and as the trust therein cannot be sustained either under the common-law statute of uses, or as a power in trust to convey (and no other reasons are suggested to sustain it), it must follow, that the presumption of a consideration for the conveyance which appellants rely on, solely to apply these common-law doctrines, cannot at all affect the matter, without discussing the pertinent proposition whether, under any circumstances, a presumption of a consideration will support an illegal and void trust.

The judgment and order appealed from are affirmed.

Shaw, J., Van Dyke, J., Angellotti, J., McFarland, J., and Henshaw, J., concurred.

Rehearing denied.

---

[1] 84 Am. St. Rep. 70.