[S. F. No. 3419.    Department Two.—June 10, 1904.]

In the Matter of the Estate of SUSAN F. DIXON, Deceased. G. A. DAUGHERTY et al., Appellants, v. TRUMAN TUTTLE DIXON, Respondent.

ESTATES OF DECEASED PERSONS—DISTRIBUTION—VOID DEVISE IN TRUST. —A devise by a deceased testator to trustees in trust to receive the income of his real and personal property, and to dispose of the same for the support of a grandson until he shall reach the age of thirty years, and then to transfer the property to him, is void as to the real estate; and where it is apparent that the testator would not have devised a small amount of personal property in trust if he had known that the devise of the realty was void, the whole trust scheme must fail, and the property was properly distributed to the grandson as the sole heir at law of the decedent.

APPEAL from a decree of the Superior Court of Monterey County distributing the estate of a deceased person. N. A. Dorn, Judge.

The facts are stated in the opinion.

C. F. Lacey, for Appellants.

Charles B. Rosendale, and S. F. Geil, for Respondent.

COOPER, C.—This is an appeal from that part of the decree of distribution which awards to Truman Tuttle Dixon the residue of the estate of deceased. The court construed the portion of the will which attempted to create a trust to convey as void and distributed the estate to the heir at law.

The portion of the will in question here is as follows: "Thirdly.—I hereby give, devise, and bequeath all the rest and residue of my estate, real and personal, to John W. Rowling and G. A. Daugherty, or the survivor of them, as trustee, in trust for my grandchild, Truman Tuttle Dixon,

the only surviving child of my deceased son John F. Dixon. The same to be held, managed, and controlled by said trustees, or the survivor of them, for the use and benefit of my said grandchild, Truman Tuttle Dixon, until he shall arrive at the age of thirty years, and to pay over to him or expend for him the income of such part thereof as said trustees or the survivor of them, shall deem necessary or suitable for the education and maintenance of said grandchild until he shall arrive at the age of twenty-one years, and thereafter and until he shall arrive at the age of thirty years to pay over to him the income of said trust property. And when said Truman Tuttle Dixon shall arrive at the age of thirty years, then I direct said trustees or the survivor of them, to pay over and transfer to said Truman Tuttle Dixon the said trust estate, together with the income and accumulations thereof, if any, less the necessary expenses of said trust. And I hereby direct, authorize, and empower said trustees, or the survivor of them, to sell and dispose of all the real property owned by me in the county of San Luis Obispo (providing I have not done so before my death, or my executors have not made such sale), whenever in their judgment a good sale can be made of said property, or whenever in their judgment it would be for the best interests of said trust estate to sell the same; and I hereby direct my said trustees to invest the proceeds of such sale in other real property near to or in Salinas City, California, or loan the same on good mortgage security, as in their judgment shall appear to be for the best interest of said trust estate. But in the event of the death of my said grandchild, Truman Tuttle Dixon, before he reaches the age of thirty years without heirs of his body then alive, then and in such event I direct my said trustees to pay over and transfer in fee simple all of said trust estate to my brother and four sisters, viz.: J. E. Cooksey of Louis County, Missouri, Sarah Ellen Bevans of Louis County, Missouri, Eliza A. Johnson of Salinas City, California, Mary E. Jamison of Santa Barbara County, California, and Alice Stephens of Santa Clara County, California, in equal shares, less the necessary expenses of said trust.''

By the terms of the will the title to the estate is given to the trustees for the purposes therein specified. There is no clause in the will independent of the trust clause by which

it can be ascertained that the deceased intended to vest the title to the property in Truman Tuttle Dixon. We have looked in vain for words independent of the trust which could be construed to devise the title of the residue of the estate to the devisee, but fail to find them. The words "in trust for my grandchild, Truman Tuttle Dixon," are not sufficient. They only follow the prior clause, which expressly devises and bequeaths the estate to the trustees, and shows the beneficiary of the trust. To hold in trust for the grandchild is not the equivalent of giving title to or vesting the title in the grandchild. If this were so, every instrument creating a trust for a named beneficiary would cast the title in the beneficiary. The testatrix clearly intended the title to remain in the trustees until the termination of the trust, for she directs the trustees, when Dixon shall arrive at the age of thirty years, "to pay over and transfer" the said trust estate to him. She further provides that in case of the death of said Dixon before he reaches the age of thirty years, the trustees shall "pay over and transfer in fee simple" to her brother and four sisters in equal shares all the residue of the estate. The title to be given to the brother and sisters in case of the death of Dixon is through the trust to convey. The will does not give or devise any estate to such brother and sisters.

The trusts over, therefore, are absolutely dependent upon the trust to convey, and must fall with it. The case, in principle, cannot be distinguished from the rule in the *Estate of Fair*, 132 Cal. 532.[1] That case has since been followed in similar cases involving trusts to convey. (*Estate of Sanford*, 136 Cal. 97; *McCurdy* v. *Otto*, 140 Cal. 48; *Hofsas* v. *Cummings*, 141 Cal. 525.) Nor do we think the trust valid as to the personal property. There does not appear to be any personal property, except the sum of $1,166.15 in money. The scheme by which the trust was created contemplated that the income of all the property should be used for the education and support of Dixon, and the surplus of the income, if any, to be transferred to him upon his arriving at the age of thirty years. It is not clear, nor is it probable, that if the testatrix had known that the trust as to real estate was void, that she would have appointed two trustees and created a

---

[1] 84 Am. St. Rep. 70.

CXLIII. Cal.—33

trust for so many years as to the small amount of money left after settling the estate. The income of $1,166, at the current rates of interest, after paying the expenses and commissions of two trustees, could not be much. If the testatrix had known that the real estate was all to be distributed to Dixon regardless of the trust, it does not appear reasonable that she would have kept the small amount of money from him during the life of the trust. Nor could she have contemplated that in case of the death of Dixon before reaching the age of thirty years, the real estate should go to his heirs, and the $1,166 to her brother and four sisters. In fact there is nothing in the record to show that the money is not the accumulation of the real estate. The real and personal property were all part and parcel of the trust scheme, and the trust is void as to all the property. (*Estate of Fair*, 136 Cal. 79.)

The conclusions herein reached are based upon the authority of the cases cited. The intention of the testatrix is defeated, for the reason that she attempted to dispose of her property in a manner forbidden by statute. It is always with reluctance that courts declare a will or a provision thereof void. The result in this case is, that the grandchild, for whom the testatrix intended the estate, gets it, and gets it much sooner than was contemplated by the trust scheme. It may be that the result is much better than if the wishes of the testatrix could have been carried out. But as to that it is not the business of this court to inquire. In all cases we endeavor to carry out the intentions of a deceased person, as expressed in the will, if it can be done without disregarding the law and the statutes of our state. We would violate our duty and the trust reposed in us if we should disregard the will of the legislature and the mandates of the statute to carry into effect a will in violation thereof.

The decree and judgment should be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the decree and judgment appealed from are affirmed.

                     McFarland, J., Lorigan, J., Henshaw, J.