[L. A. No. 2079.   Department Two.—March 24, 1908.]

## In the Matter of the Estate of GEORGE HEBERLE, Deceased.

WILL—VOID TRUST—INTESTACY.—Where a trust attempted to be created by a will is void, if there are no other apt words in the will disposing of the property affected thereby, intestacy as to it is the result.

ID.—CONSTRUCTION IN FAVOR OF TESTACY.—A construction of a will which favors testacy is always preferred to one resulting in intestacy.

ID.—"DISTRIBUTED"—MEANING OF.—The word "distributed" is not a technical word in conveyancing and is not usually found in deeds. If it has any legal technical meaning it has such meaning with reference to decrees of distribution in probate courts.

ID.—DISPOSITION OF PROPERTY AFFECTED BY VOID TRUST.—Where a trust attempted to be created by a will in specified real estate is void, further provisions of the will, to the effect that in the event of the testator's disposing of such property, his trustees should pay the proceeds thereof to the beneficiaries of the trust, and, if not so sold, the property "is to be kept and distributed to" such beneficiaries, evince an intention on the part of the testator that such property or its proceeds should, either with or without a trust, pass to the persons designated as beneficiaries.

APPEAL from an order of the Superior Court of Los Angeles County denying a partial distribution of the estate of a deceased person.   G. A. Gibbs,   Judge.

The facts are stated in the opinion of the court.

Milton K. Young, F. E. Lacey, and Denis & Loewenthal, for Appellants.

Lee, Scott & Chase, Murphy & Schmidt, Edward F. Wehrle, and H. G. Weyse, for Respondents.

THE COURT.—This is an appeal from an order sustaining, without leave to amend, demurrers to the petition of Jacob Heberle and Eva Dickhof for partial distribution to them, as heirs at law, of a portion of the estate of George Heberle, deceased, it being the contention of petitioners that as to this portion he died intestate.   The petitioners' *status* as

heirs at law is not in question. The only question is whether or not from a construction of the will of deceased intestacy resulted as to the property in controversy.

The deceased by his will, after directing the payment of his debts and funeral expenses, devised and bequeathed to trustees all the rest and residue of his estate upon specified trusts. By the seventh paragraph of his will he directed certain real property upon Spring Street in the city of Los Angeles, called for convenience the Spring Street property, of the estimated value of sixty-five thousand dollars, to be held by the trustees for the term of five years ''and then the same by said trustees to be conveyed to the children of my deceased brother Martin Heberle, late of Miamisburg, Montgomery County, state of Ohio, share and share alike.'' It is conceded by all parties to this litigation that this trust is void. (*Estate of Walkerly*, 108 Cal. 628, [49 Am. St. Rep. 97, [41 Pac. 772]; *Estate of Cavarly*, 119 Cal. 408, [51 Pac. 629]; *Estate of Fair*, 132 Cal. 523, [84 Am. St. Rep. 70, 60 Pac. 442, 64 Pac. 1000]; *Estate of Dixon*, 143 Cal. 511, [77 Pac. 412]; *Estate of Sanford*, 136 Cal. 97, [68 Pac. 494].) At the time of his death the testator still owned the Spring Street property. The question to be answered is what disposition is to be made of it. Admittedly, if intestacy results as to this property, the petitioners are entitled to share in it.

Reading the whole will, we find, next, this clause: ''In case I should dispose of said property, then it is my will that my trustees pay over to the said children or grandchildren of my said deceased brother the amount received by me for said property. It being my will that the said children and grandchildren of my deceased brother shall receive from my estate the said real estate or its value.'' By the fourteenth paragraph the testator empowers the trustees to convert real estate into money by sale. The seventeenth paragraph, however, is a limitation of this general power, and reads as follows: ''That the power to sell my real estate, as set forth in the fourteenth subdivision, shall not affect my said Spring Street property, which is not to be sold, but is to be kept and distributed to the children of my said deceased brother, Martin.'' The trust created by paragraph seven being void in its creation, no estate as to the Spring Street property passed to the trustees. If in the will there are no other apt words disposing of the

property upon the failure of this trust, intestacy as to it must be the result. The trial court found those words in the seventeenth subdivision of the will above quoted, and in view of the fact that a construction which favors testacy is always preferred to one resulting in intestacy (*Dunphy's Estate,* 147 Cal. 96, [81 Pac. 315]), it may not be said that the interpretation is not a permissible one. The seventeenth paragraph contains a direction for the "distribution" of the Spring Street property to the children and grandchildren. While it may be argued that the word has reference to distribution by the trustees under the trust, yet it is not a word aptly used for such purpose, while it is apt in its application to a direct devise. It is equally open to the construction, therefore, that the distribution to the children is to be at the hands of the court. As is said in *Estate of Dunphy,* 147 Cal. 96, [81 Pac. 315], the word "distributed" is not a technical word in conveyancing and is not usually found in deeds. "If it have any legal technical meaning it has such meaning with reference to decrees of distribution in probate courts." It appears that while the testator designed in case he died possessed of the Spring Street property, that that property should be held for five years, yet that if the Spring Street property had been sold, they were to receive in money the amount obtained from such sale directly, and not through the medium of trustees. The paramount idea in the testator's mind, therefore, was not that the property should descend to his beneficiaries through a trust, but that, with or without a trust, they should with certainty receive property to that value from his estate. Under the wording of this instrument, therefore, the trial court was correct in holding that its conclusion that the trust was void did not, in contemplation of the other language employed in the will, so defeat the testator's intent as to render imperative a finding of intestacy.

For which reason the decree appealed from is affirmed.

Hearing in Bank denied.