The appellant, the Montclair Trust Company, and Maynard Archdeacon are executors of the will of Emma G. Archdeacon, deceased. By the will, one-third of the residue was given to Mrs. Gertrude A. Zimmer, a national of Germany, resident in Hamburg. Mrs. Zimmer, by an instrument dated October 28th, 1940, appointed Hanns P. Kniepkamp of New York, her attorney-in-fact with very broad powers. Mr. Kniepkamp, acting within the scope of his powers, on October 7th, 1941, appointed Messrs. Peer Mahr, of the New Jersey bar, to act in the name of Mrs. Zimmer in all legal matters *Page 536 
in connection with the settlement of the Archdeacon estate, and he agreed, in behalf of Mrs. Zimmer, that they were "to receive for their services five per cent. of the net estate after the final accounting has been rendered and at the time of distribution." On October 31st, the executors filed their account in the Orphans Court, and noticed it for settlement January 13th, 1942. On the day noticed, the account was approved by decree of the Orphans Court, but since a state of war between the United States and Germany then existed, the court ordered that:
"The executors may, or the corporate executor may, separate and hold the share of the residue to which Gertrude A. Zimmer, a resident of Germany, is entitled, until such time as the same can conveniently and lawfully be paid over to her or for her account; and the retention thereof by the executors, or by the corporate executor, and the investment thereof in United States Bonds, is hereby ratified and authorized; and the executors, or either of them, may at any time apply in this proceeding, on ten days' notice by mail to Hanns P. Kniepkamp, 17 Battery Place, New York City, who claims to hold a power of attorney to act for Mrs. Zimmer, or to Peer Mahr, Esqs., his proctors, for further order or instructions relative to the handling or disposition of said segregated share."
Pursuant to this authority or direction, the Trust Company continued to hold Mrs. Zimmer's share of the estate.
There the matter rested until December 9th, 1942, when Messrs. Peer Mahr presented to the Orphans Court their petition for an order directing the payment to them out of the fund in the hands of the Trust Company of five per cent. thereof or $2,341. The Alien Property Custodian had appointed Mr. Richard J. Tarrant to represent and appear for Mrs. Zimmer in the matter of this estate. Mr. Tarrant appeared and opposed the application of Messrs. Peer Mahr as did also counsel for the Trust Company. The court took time to consider. Then, on December 29th, 1942, the Alien Property Custodian, at Washington, made an order vesting in the United States the title to the fund in question. However, the Orphans Court and counsel engaged in the cause, *Page 537 
and their clients, were ignorant of the vesting order until sometime after January 4th, 1943. On that date, the Orphans Court ordered the Trust Company to pay to Messrs. Peer Mahr out of the fund the sum of $1,500 "as an advance on counsel fees due to them under their contract with the said Gertrude Zimmer." This is the order from which the appeal is taken.
The respondents moved to dismiss the appeal on the ground that the appellant executor was not a person aggrieved by the allowance of the counsel fee. In re Babcock, 112 N.J. Eq. 374,
holds the contrary. Furthermore, if the order of the Orphans Court was beyond the jurisdiction of that court, as appellant contends, the order is no protection to appellant. The merits of the appeal must be determined.
On the argument of the appeal, counsel for the Alien Property Custodian and the attorney for the United States, took no sides in the controversy. Especially, they did not urge that the vesting order affects the situation. Neither does the appellant rely at all upon that order. So I will put it entirely out of my thoughts.
Appellant contends that Peer Mahr are merely creditors of Mrs. Zimmer, who should seek their remedy in a court of law and that the Orphans Court was without jurisdiction to order their debt paid. But Peer Mahr appear to have had an equitable lien upon the fund. Their contract provides that they "are to receive for their services five per cent. of the net estate after the final accounting has been rendered and at the time of distribution." Compare the terms used in Wilson v. Seeber,72 N.J. Eq. 523 (at p. 530), where the client agreed "to pay said Wilson [the solicitor] one-third part of whatever money shall be paid to or received by" the client. Vice-Chancellor Pitney held that an equitable lien or assignment was created, enforceable in Chancery out of the fund which was under its control. See, also,Metropolitan, c., Co. v. Poliakoff, 123 N.J. Eq. 524.
In the present case, the Orphans Court retained jurisdiction of the fund. The final decree on the account provided that "the corporate executor may separate and hold the share of the residue to which Gertrude A. Zimmer" is entitled and *Page 538 
gave leave to the executor to "apply in this proceeding * * * for further order or instructions relative to the handling or disposition of said segregated fund." Whatever power over the fund the court had when the account was approved, it still had on January 4th, 1943, when it made the order which is the subject of appeal.
An attorney has a special or charging lien for his services in procuring a judgment, decree or award for his client. The attorney is considered an equitable assignee of the award, to the extent of his debt. Enforcement of his right is within the equitable jurisdiction of the court which rendered the decree.Norrell v. Chasan, 125 N.J. Eq. 230. The lien attaches to the decrees of probate courts, in proceedings relating to decedent's estates. 7 C.J.S. 1171. But appellant says that the proceeding in the Orphans Court was not contested, and that Peer Mahr performed no services and did not procure the degree of distribution. They did, however, perform such services as were necessary to protect the interest of their client, and they have a lien for compensation. The amount of the fee allowed by the court is within the percentage which the client agreed to pay.
In re Merz, 132 N.J. Eq. 313, holds that the Orphans Court may allow a fee to counsel for the executor, over the executor's protest, despite the lack of statutory authority. The lawyer was relieved of the necessity of suing at law, because a procedure is favored of settling all questions in one proceeding. This case shows our highest court scrupulous to protect attorneys.
Lastly, appellants argue that the fee is not yet payable under the contract which stipulated payment "at the time of distribution." The segregation of Mrs. Zimmer's share pursuant to the decree of January 13th, 1942, was a distribution within the meaning of the contract.
 The decree is affirmed. No costs. *Page 539