Estate of JOHN W. RANKIN, Deceased.   ENGE G. RANKIN, Petitioner, v. RANKIN HATFIELD et al., Appellants; MARY E. COX, Respondent.

O'Melveny & Myers, Louis W. Myers and Hugh L. Macneil for Appellants.

W. A. Bullis for Respondent.

SHINN, P. J.—Certain beneficiaries of the will of John W. Rankin appeal from a final decree of distribution of his estate, insofar as it declares that respondent, Mary E. Cox, is a beneficiary, contending that the court in probate misconstrued the will, which included three codicils.   By holographic will dated August 12, 1941, Mr. Rankin made several specific bequests and divided his remaining estate into two equal parts.

One part was left to his wife, outright, provided she survived him, otherwise to a trust. She survived him, and the provisions of the trust set out in paragraph 9 are not in question. By paragraph 8 the other part was placed in trust, the income to go first to the testator's aunt, Julia K. Goldwater; secondly, to his wife; and third, to his wife's sister, Honor Davis. The trusts were to terminate on death of the last surviving beneficiary. Codicil No. III, which is holographic, is the one in controversy here. It was written four days after the original will and reads as set out below.[1] At the hearing of the petition for distribution a controversy arose as to the rights of Mary Cox, created by codicil III. She contended that by that codicil she was added as one of the beneficiaries of the paragraph 8 trust, notwithstanding the fact that Mrs. Rankin was living at the time of the hearing. Rankin Hatfield, Louise Rankin Bloom, and Celia Bloom Rust, remaindermen under the will, contended that Mary Cox is not a beneficiary of the paragraph 8 trust for the reason that Mrs. Rankin was living at the time of the distribution of the estate in probate. The court agreed with the construction urged by Mary Cox and distributed one-half of the remainder of the estate to a trustee, under paragraph 8, to pay the income to the surviving wife (Julia Goldwater having deceased), during the life of the wife and on her death in equal shares to

---

[1] "I, John W. Rankin make this my codicil to my holographic will dated August 12th, 1941, as follows:

"If at my death my wife Enge G. Rankin is deceased, or if she dies prior to the distribution of my estate, then and in that event I add to the beneficiaries who are to receive net income of the trusts created by sections '(VIII)' and '(IX)' the former faithful secretary of mine, Mary E. Cox, born Mary E. Asbury, but under the following provisions:

" (A) If my aunt, Julia K. Goldwater, is deceased, or after her death, said Mary E. Cox is to share the net income of the trust created by said section '(VIII)' (of said will) equally with my said wife's sister Honor Hoyer Davis, so long as the latter lives, but if said Honor Hoyer Davis is deceased, or after her death, said Mary E. Cox will take & receive all the said net income so long as she lives, from that trust, provided (of course) that my said aunt is deceased;

" (B) If both my said wife's sister and my said aunt are deceased, or after the death of the last survivor of said wife's sister and said aunt, said Mary E. Cox shall take and receive all of the net income from the trust created by section '(IX)' of said will;

" (C) The term of said trusts is hereby extended until, and shall not terminate until, the death of said Mary E. Cox, if she survives my said wife, the latter's said sister and my said aunt.

"I hereby republish my said will and the two holographic (wills or) codicils thereto both executed and dated yesterday, August 15th, 1941.

"Witness my hand this 16th day of August, 1941.

JOHN W. RANKIN."

Honor Hoyer Davis and Mary E. Cox if both be living, during their joint lives, and to the survivor thereof during her lifetime.

Respondent does not question that she was to become beneficiary only in case Mrs. Rankin survived her husband and survived distribution of his estate. She says that ''distribution of my estate'' did not mean distribution in probate but distribution or division of the corpus on termination of the trust. We presume that the trial court agreed with this construction, although in its memorandum opinion reasons were not given for the conclusion that was reached.

■ By ''distribution of my estate'' the testator meant disposition of all his estate which was subject to distribution. This could only be a distribution in probate. Only a part of the testator's estate would be divided upon termination of the trusts.

It is doubtful that there are in the law and practice of wills and probate administration terms that are more commonly used than ''distribution,'' ''partial distribution'' and ''distribution of the estate.'' Anyone familiar with practices in probate would understand that ''distribution of my estate'' means distribution in probate. The time or the event for a division of trust property is, by long settled practice, described as the ''termination of the trust.''

The courts have had few occasions to attribute a meaning to the word ''distribution'' as used in probate administration, which is probably due to the fact that the meaning is so well understood. The court said, in the *Estate of Dunphy,* 147 Cal. 95, 100 [81 P. 315]: ''The word 'distributed' is not a technical word in conveyancing and is not usually found in deeds. If it have any legal technical meaning, it has such meaning with reference to decrees of distribution in probate courts.'' In *Estate of Heberle,* 153 Cal. 275, 277 [95 P. 41], it was said: ''The seventeenth paragraph contains a direction for the 'distribution' of the Spring Street property to the children and grandchildren. While it may be argued that the word has reference to distribution by the trustees under the trust, yet it is not a word aptly used for such purpose, while it is apt in its application to a direct devise. It is equally open to the construction, therefore, that the distribution to the children is to be at the hands of the court. [Quoting from *Estate of Dunphy.*]''

Other cases in which ''distribution'' was held to mean distribution by probate decree are: *In re Archdeacon's Estate,*

134 N.J.Eq. 535 [37 A.2d 34]; *Jenkins* v. *Smith* (Dist.Ct. Conn.), 21 F.Supp. 433; *Maguire* v. *Commissioner of Int. Revenue,* 313 U.S. 1 [61 S.Ct. 789, 85 L.Ed. 1149]; *In re Mack's Estate,* 111 Pa.Super. 20 [169 A. 468].

Mr. Rankin was familiar with the meanings of the words in question. In the body of the will he spoke of the property which would go under the will as ''one-half of all the rest and remainder of my estate and property'' and ''all of the other half of said remainder,'' and throughout the will and the codicils he invariably referred to the trust property as ''the principal and corpus'' of the trust. He did not refer to the trust property as his ''estate'' or even as ''trust estate.''

■ If Mr. Rankin had intended that Mary E. Cox should be a beneficiary if Mrs. Rankin died at any time during the life of the trust he would have expressed his desire in simple language. It is not conceivable to us that if he intended her to have the rights which the decree awards her he would have made her a beneficiary on the conditions stated in the codicil, namely, the failure of his wife to survive him and to survive distribution of his estate. He spoke clearly, and in the absence of strong reasons, derivable from the will as a whole, that he had intentions at variance with those expressed, we cannot presume that he intended anything other than what he said. It will be noted that while paragraph 8 of the will gave a life interest in income to Mrs. Rankin, codicil III did not. Even if Mary E. Cox would come in as a beneficiary, only after the death of Mrs. Rankin and Julia Goldwater, Mrs. Rankin would still enjoy her income during her lifetime. The fact that Mrs. Rankin's life estate was ignored in writing the codicil indicates that Mr. Rankin had in mind that his wife would not be living at the time of the creation of the trust. It is clear to us that since Mrs. Rankin survived distribution of the estate in probate, respondent Mary E. Cox is not a beneficiary under the will.

The judgment is reversed with directions that a new decree of distribution be entered in accordance with the views herein expressed.

Wood (Parker), J., and Vallée, J., concurred.