[Civ. No. 4519.  First Appellate District, Division One.—June 14, 1923.]

In the Matter of the Estate of CAROLINE H. THOMPSON, Deceased.

[1] WILLS—CONSTRUCTION—INTENT—UNCERTAINTY.—A will is to be construed according to the intention of the testator, and in case of any uncertainty arising upon the face of the will as to the application of any of its provisions, the testator's intention is to be ascertained from the words thereof, and to that end all the parts are to be construed in relation to each other so as, if possible, to form one consistent whole.

[2] ID. — LIMITED DEVISES — CONSTRUCTION. — Where a testatrix in the first paragraph of her will devises a one-third interest in certain real property to her brother in the event he should survive the testatrix, and in the second paragraph thereof devises the other two-thirds interest to her daughter should she survive the testatrix, followed by a statement that in the event of the · death of the testatrix and the daughter the brother should have the two-third interest and the remaining one-third should go to certain third parties, and, after having provided for the disposition of the residue of her estate under varying contingencies dependent upon priority of death and for the holding of the property of the daughter by certain designated trustees, in a seventh paragraph provides that in the event of the death of the daughter without issue such estate as shall remain shall be distributed to said third parties, and the daughter survives the testatrix, such seventh paragraph is properly construed as giving the daughter only a qualified interest in the two-thirds interest set apart to her, amounting to no more than a life estate, with the disposition of the estate in remainder by devise to said third parties, and the reference in the second paragraph of the will to the death of the daughter, in which event the brother would have been entitled to a two-thirds interest in the property, must be construed to mean death during the lifetime of the testatrix.

[3] ID.—LIMITATION OF GENERAL DEVISE.—Under such will, the complete disposition of the property by the first two paragraphs thereof does not render the subsequent limitations upon the interest of the daughter inoperative and void, as in this state a general devise may be limited by a subsequent clear disposition of a gift over of the remainder.

[4] ID.—DEFICIENCY—LIABILITY OF SPECIFIC LEGACY.—Upon the probate of such will and the administration of the estate of the testatrix, the specific legacy to the brother of the testatrix should

not be required to contribute to any deficiency until after the general funds have been applied to the payment of the administration expenses.

APPEAL from an order of the Superior Court of Santa Cruz County approving and settling an executor's account and from an order of partial distribution. Benj. K. Knight, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Charles B. Younger for Appellants.

Alfred W. Hare and Netherton & Johnston for Respondents.

TYLER, P. J.—Appeal from an order approving and settling an executor's account and from an order of partial distribution.

The main question involved is the proper construction to be given to the last will and testament of the deceased. The instrument in question in holographic, and it is dated January 4, 1919. The death of the testatrix occurred September 15, 1919, and the will was admitted to probate October 21, 1919. Certain real estate described therein as the Morris Vineyard tract, and which was sold during the course of administration for the sum of $20,250, forms the major portion of the estate and is the subject matter of the present controversy. It is the claim of appellant that the trial court adopted a wrong construction of the will, and that respondents were distributed a greater sum than that to which they were entitled. Such portions of the will as are necessary for a proper discussion of the case are as follows:

"1st. I give and devise and bequeath to my brother Harry H. Penfield should he survive me an undivided one-third interest in Lot 21, block C of the Morris Vine Yard Tract in the City of Los Angeles. . . .

"2nd. I give and devise and bequeath to my daughter Della Thompson Euans should she survive me the remaining two-thirds interest in the above described real property. In the event of my death Carolyn H. Thompson and of Della Thompson Euans I desire that my brother Harry H. Penfield shall have the two-thirds interest hereinabove given

to my daughter Della Thompson Euans. And that the remaining one-third interest shall be divided equally between my life-long friends Annie Adella Dunsmoor Charles F. Dunsmoor and Grace Dunsmoor Hare.

"4th. The rest and residue of my estate . . . I give and devise and bequeath to my daughter Della Thompson Euans in the event that she survives me. In case of her death before mine own, all property not otherwise bequeathed is to be divided equally between Annie Adella Dunsmoor Charles F. Dunsmoor and Grace D. Hare.

"5th. In the event of the death of my daughter Della Thompson Euans and Harry H. Penfield prior to my own demise I bequeath to my friends Annie Adella Dunsmoor Charles F. Dunsmoor and Grace D. Hare whatever I may die possessed of share & share alike.

"6th. I nominate and appoint Alfred W. Hare and Cassius M. Jay of Los Angeles Cal. executors and Trustees of my Will without Bond for carrying out the terms of this Will and I desire that Alfred W. Hare and Cassius M. Jay shall become Trustees for such Estate as shall by this instrument come to said Della Thompson Euans and they shall make such sales investments as shall in their judgment provide income for the support of said Della Thompson Euans principal and interest to be spent if necessary for such maintenance and support.

"7th. I am desirous that Kenneth Logan Euans, husband of Della Thompson Euans, shall not receive one cent of my estate and I require and direct that in the event of my daughter Della Thompson Euans dying without issue such estate as shall remain shall be distributed to Annie Adella Dunsmoor Charles F. Dunsmoor and Grace D. Hare share & share alike if Annie Adella Dunsmoor be still alive. If not to Charles F. Dunsmoor and Grace Dunsmoor Hare, or their heirs.

"8th. In case of my death and that of Della Thompson Euans I devise that the heirs herein mentioned Annie Adella Dunsmoor Charles F. Dunsmoor and Grace Dunsmoor Hare shall out of their undivided one-third interest in lot 21, block C, of Morris Vine Yard Tract of the City of Los Angeles pay to Cassius M. Jay $500 for his faithful friendship and care of my interests."

[1] In construing a will the predominant idea in the testator's mind, if apparent, is heeded as against all doubtful and conflicting provisions which might defeat it. A will is to be construed according to the intention of the testator, and in case of any uncertainty arising upon the face of the will as to the application of any of its provisions, the testator's intention is to be ascertained from the words thereof, and to that end all the parts are to be construed in relation to each other so as, if possible, to form one consistent whole. Where, therefore, the meaning of any part of a will is ambiguous or doubtful it may be explained by reference to other parts of the will. (Civ. Code, sec. 1318 et seq.) In other words, a will is construed from its four corners.

It is perfectly apparent from a reading of the entire will that it was the intention of the testatrix to make her daughter and her brother the chief objects of her bounty. It is therein provided in the first instance that the daughter is to have a two-thirds interest in the property and the brother a one-third interest, dependent only upon the condition that they survive the testatrix. As she predeceased both of these beneficiaries the condition upon which they were to take occurred, and, in the absence of any further qualifications, their estates became absolute. So far as the brother's share is concerned, there were none, so that the interest given to him directly under the will has become vested and it is not involved in this controversy.

The daughter Della Thompson Euans died intestate without issue shortly after the death of the testatrix, her death having occurred July 19, 1920.

[2] In construing the will of the mother the trial court concluded that under the seventh clause thereof the daughter had only a qualified interest in the share set apart to her amounting to no more than a life estate, and that the testatrix had effectually disposed of the estate in remainder by devising the same to her friends, the respondents. Appellant contends that such construction does not conform to the intention of the testatrix as stated in her will; and he further contends that any such attempted distribution of the property is inconsistent with and contrary to the absolute disposition which testatrix made of the same in paragraphs 1 and 2 of the will, and is therefore void on the ground of repugnancy.

Upon the first proposition it is argued that as the daughter survived the mother she succeeded to two-thirds of the vineyard lot, and that this absolute devise was in no manner qualified by the seventh paragraph of the will, under which the testatrix provided that in the event of the death of the daughter without issue her interest should go to her friends.

We see no merit in this contention. As pointed out by the respondents two primary devises are made in the alternative, depending upon the condition as to whether the mother or daughter died first. If the daughter and brother both survive one-third goes to the brother and two-thirds to the daughter. As this condition happened both estates became absolute unless qualified by some secondary provision. The final sentence of the second paragraph makes an alternative complete primary disposition, to become effective in the event that the mother survives the daughter, in which case two-thirds would go to the brother and one-third to the three friends. This event did not happen, and this provision therefore did not become effective, for the reason that it provides for the primary disposition of the property in the event that the daughter predecease the mother.

It is true, as contended by appellant, that this paragraph of the will does not expressly provide for the death of the daughter prior to that of the mother, but it certainly can have no other meaning as hereinafter pointed out. Assuming this to be true, this clause, as above stated, must be eliminated, and the primary devise of one-third to the brother and two-thirds to the daughter is up to this point still effective. By paragraph 6 a secondary provision affecting the situation is found. Trustees are there provided for the property of the estate devised to the daughter, and then in paragraph 7 occurs a final secondary disposition in favor of the respondents of whatever may remain of such property at the death of the daughter if she should die without issue. The language of the alternative disposition contained in the second paragraph of the will in referring to the devise over to take effect in the event of the death of the testatrix and of her daughter, though unlimited as to time, cannot be held to mean death generally whenever it may happen, but rather to death in the lifetime of the testatrix. (Civ. Code, sec. 1336; *Estate of Rounds,* 180 Cal. 386 [181 Pac. 638].)

The instrument in question as a whole is in complete accord and harmony with this rule of construction, and an analysis of its provisions compels the construction given to it by the learned trial court. It will be noticed that the clause in question immediately follows in the same paragraph a disposition to take effect in the event of survival, and it being a disposition to take effect upon death, shows that it was a mere alternative provision, the first relating to survivorship, the second to nonsurvivorship. The language in question, therefore, as above stated, creates an alternative primary disposition of the property, to become effective only in the event that the mother survive the daughter. As this contingency did not happen, the provision becomes inoperative.

This construction finds support in other provisions of the will and carries out the intention of the testatrix. By paragraph 4 the testatrix disposed of the remainder of her estate, the daughter being named the residuary legatee, remainder over to her friends, of all the property of her estate not otherwise bequeathed, to take effect in the event of her daughter predeceasing her. In this event the brother would still have received his two-thirds share of the vineyard lot. Paragraph 5, although inoperative for the reason that the death of both brother and daughter before that of the testatrix is the condition precedent to its effectiveness, throws light upon the intention of the testatrix, for it provides that upon the happening of this contingency the whole estate should go to her friends. It is apparent that the testatrix had in mind under this paragraph the possibility of her daughter and brother both predeceasing her; and unless paragraph 2 is construed as referring to the death of the daughter during the lifetime of the testatrix, this situation is unprovided for. The contingency of the brother's death is taken care of under the residuary clause. Paragraph 7, under which the remainder of the daughter's inheritance is devised over to respondents in the event of her death without issue, shows the condition of mind of the testatrix toward her son-in-law, as it is declared therein that he shall not receive one cent of her estate. This paragraph of the will became operative only by reason of the fact that the daughter died without issue after having survived the testatrix, and the amount of the estate in remainder which re-

spondents might receive thereunder would, of course, depend entirely upon the amount expended on behalf of the daughter in her lifetime—an uncertain quantity. This provision further shows that the testatrix had in mind the possibility that the daughter might die leaving a portion of the property devised to her unexpended and that the husband might benefit thereby, a result she wished to thwart. There is no question that she desired to make some provision for respondents, and this remainder, whatever it might amount to, is all they could possibly succeed to in the event that the daughter survived the mother, and it might or might not have been of value, depending upon the extent of the expenditures made on behalf of the daughter, which in turn depended upon the duration of her life.

Paragraph 8 is not operative as the provisions thereof contemplate the possible antecedent death of the daughter, in which event respondents were to receive one-third of the lot in question.

Counsel for the appellant direct our attention to this last provision as supporting his contention that the testatrix was referring in the second paragraph to the death of her daughter at any time, and not in the sense that it was to occur prior to that of the testatrix, and he argues that if his construction is not the correct one, then it must follow that the testatrix intended to require her friends to pay five hundred dollars out of their devise to her other friend Cassius M. Jay, if they acquired a one-third interest in the property by reason of the fact that the daughter predeceased the mother, but that upon failure of that event they should not be required to pay anything if they succeeded to a two-thirds interest.

As above suggested, if the condition upon which they were to pay this sum of five hundred dollars had happened they could have well afforded to do so; but in the event that the daughter survived the mother their remainder would be of uncertain, if any, value—a fact quite apparent to the testatrix. This argument therefore has little force.

We are of the opinion, therefore, that the learned trial court properly construed the instrument in question.

[3] This brings us to the second contention of the appellant. In this connection it is claimed that testatrix having made a complete disposition of the property in question by

the first two paragraphs of the will, the limitation over is repugnant to this absolute devise, and is therefore inoperative and void.

We see no merit in this contention. Here the provisions of the will show a clear intent on the part of the testatrix to bequeath to her daughter a limited estate, for the words creating the same are dispositive and not precatory, and they require that the remainder provided for shall be distributed to respondents. The law is well established in this state that a general devise may be limited by a subsequent clear disposition of a gift over of the remainder. (*Estate of Briggs,* 186 Cal. 351 [199 Pac. 322]; *Estate of Tooley,* 170 Cal. 164 [Ann. Cas. 1917B, 516, 149 Pac. 574]; *Adams* v. *Prather,* 176 Cal. 33 [167 Pac. 534].)

And, finally, appellant objects to that part of the account charging him with a proportion of the expenses of administration.

[4] It appears from the record that a considerable sum was received by the executors from the residuum of the estate of testatrix, and also that the account includes the specific legacy to Jay which had lapsed for reasons indicated. No objection seems to be raised by respondents to the payment of this legacy, they no doubt believing that there is a moral if not a legal obligation to pay the same, especially since they have received a greater sum by reason of the early demise of the daughter than they would have received under their specific legacy. However this may be, the specific legacy of appellant should not be required to contribute to any deficiency until after the general funds have been applied to the payment of administration expenses.

The judgment, therefore, should be modified to conform with these views.

So modified, it stands affirmed.

St. Sure, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 13, 1923.