58 Cal.App.2d 352 (1943)
Estate of MYRTLE M. SMITH, Deceased. REED HAYES, Respondent,
v.
W. W. KAYE, as Administrator With Will Annexed, et al., Appellants.
Civ. No. 13981. 
California Court of Appeals. Second Dist., Div. One. 
Apr. 24, 1943.
 W. W. Kaye, in pro per., for Appellants.
 Paul W. Murray, Simon M. Collins and Oscar O. Collins for Respondent. *353
 DRAPEAU, J. pro tem.
 The decedent made a will and a codicil, entirely written, dated and signed by her. The only question involved in this appeal relates to the construction of this holographic will; whether the estate shall go to two surviving sisters of the decedent or to the sisters and to three children of a deceased sister per stirpes.
 [1a] The will was written July 2, 1929, and is as follows:
 "This my last will I bequeath to my husband Mark B. Smith as long as he lives my 320 acres desert claim near Tucson, Ariz., and my half interest in 160 acres purchased from Victor Cordova joining my desert claim at his death this to be equally divided between my sisters Laura Miller, Nellie and Lillian Woody. WMBS Oil Co. property near Maricopa, Cal. I bequeath my share to Mark B. Smith, but there can be no mortgage put on this property. It can not be sold without first being taken before the Pres. and 2 other men in said Trust Co. and if sold the money must be put out on 1st mortgages and if that is not enough to live on then $100 or $200 be taken from principal a month for living expenses and $200 (s) for burial of Mark B. Smith."
 "If I survive Mark B. Smith then all my personal and real property be equally divided between my 3 sisters above named. (signed) Myrtle M. Smith."
 Between the writing of the will and the codicil the husband of the decedent died, and Laura H. Miller one of the three sisters died. The codicil was written November 25, 1936, and is as follows:
 "337 1/2 Hopkins Street Hermosa Beach, Calif. November 25, 1936" It is my will and desire that my three nephews namely; and their heirs Reed Hayes, Howard H. Hayes and James H. Miller, Jr., sons of my deceased sister, Laura H. Miller that they shall not receive anything from my estate or belongings or share in my estate in any way shape or form, other than five dollars ($5.00) to be paid to namely Reed Hayes, Howard H. Hayes and James H. Miller, Jr.--to be paid when my estate is settled.
 "I am of sound mind, but I am not writing this under duress."
 "(signed) Myrtle M. Smith."
 The probate court by its judgment and decree found that as to one-third of the estate, the decedent died intestate, and *354 that the children of the deceased sister were entitled each to one-third of said one-third.
 [2] A will must be construed in accordance with the intention of the testator. (Probate Code sec. 101.) All other rules must bend to this paramount canon in the construction of wills. The intention of the testator expressed in his will must prevail. (Estate of Ritzman, 186 Cal. 567, 568 [199 P. 783]; Estate of Reith, 144 Cal. 314, 317 [77 P. 942]; Estate of Kelly, 112 Cal.App. 759, 760 [297 P. 620]; Estate of Wilson, 65 Cal.App. 680, 697 [225 P. 283]; Estate of Puett, 1 Cal.2d 131, 133 [33 P.2d 825]; Estate of Thompson, 18 Cal.App.2d 680, 683 [64 P.2d 984]; Estate of Kruger, 55 Cal.App.2d 619, 623 [131 P.2d 619, 622]; Estate of Lawrence, 17 Cal. 2d 1, 7 [108 P.2d 893].)
 [1b] In this case, it was the intention of the testatrix that in the event her husband should predecease her, her estate should go to her three sisters; that after the death of her husband and one of her sisters the entire estate should go to the two surviving sisters and nothing to the sons of her deceased sister except only the sum of Five Dollars to each of such sons named in the will.
 Having come to this conclusion, there is no need of reference to other points made in the briefs.
 The judgment, order and decree of the court, sitting in probate, from which this appeal is taken, is reversed, and the cause remanded with directions to the court below to order distribution of the estate in accordance with the views hereunder expressed.
 York, P. J., and Doran, J., concurred.