[Civ. No. 12788. First Dist., Div. Two. June 25, 1945.]

Estate of THEODORE WIERZBICKY, Deceased. JOHN WIERZBICKY et al., Appellants, v. ANNIE WIERZBICKY et al., as Administratrices With the Will Annexed, etc., Respondents.

Irving M. Liner and George Olshausen for Appellants.

Walter & Brown and Walter, Brown & Smith for Respondents.

DOOLING, J. pro tem.—The appellants herein are the surviving sons, and the respondents the surviving daughters, of Theodore Wierzbicky, deceased. The appeal involves the proper construction of the holographic will of the decedent. The dispositive portion of the will is sufficiently brief to justify our quoting it in full. It reads:

"I leave to my daughters Katherine and Annie Wierzbicky share and share alike my share of house and lot situated at 1462 Stannage Avenue, Berkeley, California and Union Oil Provident Insurance.

"To my sons John and Paul Wierzbicky monies in two banks and Post Office share and share alike after all expenses have been paid."

The question of the proper construction of the language "Union Oil Provident Insurance" as used by the testator is here presented. This question was submitted to the probate court on an agreed statement of facts, from which the following appears: At the time the will was executed, July 28, 1941, the testator was a retired employee of Union Oil Company of California. He was a beneficiary of a pension or retirement system established by that company which had formerly been known as "Union Oil Provident Fund" and was later denominated "Pension Maintenance Trust." He was entitled to receive therefrom $25.25 per month and any balance remaining in the fund at his death was to go to designated beneficiaries in accordance with the rules and regulations established for the fund. His life was also insured for a total amount of $5,000 under a group insurance policy issued by the Equitable Life Assurance Society to Union Oil Company of California.

In order to secure greater monthly payments from the Union Oil Provident Fund than the $25.25 authorized by its rules and regulations the testator on August 16, 1937, assigned to the trustees of the fund, as security for the repayment to the fund of such additional payments, his certificates of insurance under the group life insurance policy. After the testator's death the trustees deducted from the proceeds of this insurance the amount due the fund for such advances and paid the balance amounting to $4,048 into the testator's estate.

The balance due from the so-called Provident Fund is approximately $3,400. It is the subject of a pending action for declaratory relief to determine whether it should be disposed of in accordance with the rules and regulations or paid to the estate to be therein distributed under the will, and for this reason the probate court reserved any disposition of this money. The probate court determined that the proceeds of the group life insurance policy issued to Union Oil Company was bequeathed to the daughters of the testator and ordered distribution accordingly, and it is this portion of the decree that is here under attack.

Appellants argue that the words of the will "Union Oil Provident Insurance" cannot be construed to include the proceeds of the group life insurance policy issued to Union Oil Company for the benefit of its employees including the testator, but must be construed to refer solely to the beneficial interest of the testator in the Union Oil Provident Fund. The probate court took a different view.

Certain settled rules for the construction of wills support the construction given to this language of the will by the probate court. The will was drawn by the testator, presumably without legal aid, and he may not be supposed to have used the same niceties of descriptive language as would be employed by an expert draftsman. (*Estate of Olsen,* 9 Cal. App.2d 374 [50 P.2d 70] ; *Estate of Gracey,* 200 Cal. 482 [253 P. 921] ; 26 Cal.Jur. 895.) The will as construed by the probate court disposes of the testator's entire estate. The construction contended for by appellants would result in intestacy as to the group insurance. " 'The very fact of making a will raises a presumption that the testatrix intended to dispose of all her property.' (26 Cal.Jur., p. 899.) Whenever a disputed word or phrase may be reasonably given either of

two meanings, that meaning should be given which will prevent intestacy. While this rule is codified as to total intestacy (Probate Code, sec. 102), the principle is also applicable to avoid partial intestacy. (*Estate of Farelly,* 214 Cal. 199, 206 [4 P.2d 948]; *Estate of Heberle,* 153 Cal. 275 [95 P. 41]; *O'Connor* v. *Murphy,* 147 Cal. 148 [81 P. 406].) In other words, constructions which lead to either total or partial intestacy are not favored. (*Estate of Gracey,* 200 Cal. 482 [253 P. 921]; *Estate of O'Gorman,* 161 Cal. 654 [120 P. 33].)'' (*Estate of Olsen, supra,* 9 Cal.App.2d 379. *Cf. Estate of Northcutt,* 16 Cal.2d 683, 689-690 [107 P.2d 607].) ■ Where an ambiguity or uncertainty is discovered in the language of a will the court may resort to extrinsic evidence to aid in its proper construction. (*Estate of Franck,* 190 Cal. 28 [210 P. 417]; *Sears* v. *Rule,* 45 Cal.App.2d 374 [114 P.2d 57]; 26 Cal.Jur. 891-893.)

■ It appears from the agreed statement of facts that the testator as a former employee of Union Oil Company was a beneficiary of its retirement system, formerly known as Union Oil Provident Fund, and also was insured under a group policy of life insurance issued to Union Oil Company for the benefit of its employees. It further appears that this insurance coverage had been assigned by the testator to the trustees of Provident Fund. The Union Oil Company was the source of both and the control of both, by virtue of the assignment, was in the trustees of the Provident Fund. The probate court could reasonably conclude that in using the words ''Union Oil Provident Insurance'' the testator had intended to designate the life insurance procured through the Union Oil Company and assigned by the testator to the trustees of the Provident Fund, particularly in view of the apparent completeness of the will on its face and the partial intestacy that would otherwise result. ■ We agree with the conclusion of the probate court embodied in its decree ''that while no doubt the description of some of the property is not as perfect as could have been made by a lawyer and not a layman, nevertheless the court is satisfied that distribution as prayed for in said petition is in entire accord with the intention of the testator.''

The portion of the decree appealed from is affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied July 25, 1945, and appellants' petition for a hearing by the Supreme Court was denied August 16, 1945.