[Civ. No. 12860.   First Dist., Div. Two.   Dec. 28, 1945.]

Estate of MARIE J. SOULIE, Deceased.   MRS. CHARLES PASSERINI, Appellant, v. URBAIN LASALLE, Respondent.

Robert E. Hatch for Appellant.

A. W. Brouillet for Respondent.

GOODELL, J.—This is an appeal from an order denying a petition to determine heirship. The appeal is presented wholly on a settled statement under rule 7(b) of the Rules on Appeal.

Marie J. Soulie died on April 4, 1943, leaving the following holographic will:

"Feb-18/43. in case of Death I bequeath $1,000-00 to my Sister in Law—Mrs. Pierre Nombolot of St-Mitchel Flecazeville France, if she is not living thento her children Madeleine and Morris.

"To my Late Husbands nephew Joseph Lasalle 1000.00-and of my the rest to his brother Urbain Lassalle of Fernie B. C. Canada.

"To my half-sister—Mrs. Charles Passerini I leave one dollar 1$\frac{00}{}$ or to any one of her family who tries to contest this testament

"Also one dollar to my brother in-law Eugene Soulie if he or any of his family tries to contest this testament.

Marie J. Soulie<br>377-3rd St.<br>San Francisco<br>Calif."

The will was admitted to probate on May 11, 1943, at which time Phil C. Katz was appointed administrator of the estate with the will annexed. The estate exceeds the sum of $4,000 after payment of the two specific legacies in the amount of $1,000 each, the payment of all debts of the decedent and the expenses of administration including taxes. On November 27, 1943, Mrs. Charles Passerini, who was bequeathed $1.00 under the will, filed her petition to determine heirship. She alleged that she was the sister of decedent and that she was entitled to distribution of the residue of the estate because the decedent died intestate except for the two specific legacies, there being no residuary clause in the will. Urbain Lasalle filed an answer alleging that the decedent bequeathed to him all of her estate except the amounts provided for by the two legacies plus the sum of $1.00 to petitioner. At the trial the parties stipulated that neither contested the two $1,000 legacies. The matter was thereupon argued and submitted for decision. On July 19, 1944, the court entered its order denying the petition, ordering all of the residue of the estate to be distributed to Urbain Lasalle and ordering that the sum of $1.00 be paid to Mrs. Charles Passerini.

The question presented on this appeal concerns the construction of the clause reading: "and the rest to his brother of my Urbain Lassalle of Fernie B. C. Canada." Appellant contends that since the court has no power to insert a missing word or words, the clause must be held to be void for uncertainty and incompleteness and that as a result the residuum passes under the laws of succession to the next of kin. We cannot agree with that contention.

In the recent case of *Estate of Wierzbicky,* 69 Cal. App.2d 690 [159 P.2d 699], this court was called upon to construe certain words contained in an olographic will. The well settled rules on the subject were set down in that case and since they are equally applicable to the instant appeal we quote them herein: (p. 692)

"Certain settled rules for the construction of wills support the construction given to this language of the will by the probate court. The will was drawn by the testator, presumably without legal aid, and he may not be supposed to have used the same niceties of descriptive language as would be employed by an expert draftsman. (*Estate of Olsen,* 9 Cal. App.2d 374 [50 P.2d 70]; *Estate of Gracey,* 200 Cal. 482

[253 P. 921]; 26 Cal.Jur. 895.) ■ The will as construed by the probate court disposes of the testator's entire estate. The construction contended for by appellants would result in intestacy as to the group insurance. ' "The very fact of making a will raises a presumption that the testatrix intended to dispose of all her property." (26 Cal.Jur., p. 899.) Whenever a disputed word or phrase may be reasonably given either of two meanings, that meaning should be given which will prevent intestacy. While this rule is codified as to total intestacy (Prob. Code, § 102), the principle is also applicable to avoid partial intestacy. (*Estate of Farelly,* 214 Cal. 199, 206 [4 P.2d 948]; *Estate of Heberle,* 153 Cal. 275 [95 P. 41]; *O'Connor* v. *Murphy,* 147 Cal. 148 [81 P. 406].) In other words, constructions which lead to either total or partial intestacy are not favored. (*Estate of Gracey,* 200 Cal. 482 [253 P. 921]; *Estate of O'Gorman,* 161 Cal. 654 [120 P. 33].)' (*Estate of Olsen, supra,* 9 Cal.App.2d 379. *Cf. Estate of Northcutt,* 16 Cal.2d 683, 689-690 [107 P.2d 607].)''

■ It is true, as pointed out by appellant, that the court cannot supply omissions nor insert words in the will (*Estate of Young,* 123 Cal. 337, 344 [55 P. 1011]; *Estate of Lynch,* 142 Cal. 373, 377 [75 P. 1086]), but there is certainly no necessity for that in this case. ■ The instrument should always be read "from its four corners" (*Estate of Thompson,* 62 Cal.App. 493, 496 [217 P. 127]) and all parts of the will construed in relation to each other to form one consistent whole (Prob. Code, § 103; *Estate of Northcutt,* 16 Cal.2d 683, 689 [107 P.2d 607]; *Estate of Spence,* 57 Cal.App.2d 922, 925 [135 P.2d 419]). ■ The cardinal principle applicable to the construction of a will is to ascertain the intention of the testator as expressed therein (Prob. Code, §§ 101, 105; *Estate of Hartson,* 218 Cal. 536, 539 [24 P.2d 171]; *Estate of Layton,* 217 Cal. 451, 458 [19 P.2d 793, 91 A.L.R. 480]; *Estate of Smith,* 58 Cal.App.2d 352, 354 [136 P.2d 366]).

■ Reading the will herein, with the foregoing rules in mind, it is obvious that the probate court arrived at the proper conclusion. The appearance of the instrument indicates that it was written with little or no legal assistance. However the testatrix' desire to avoid intestacy is shown by her specific exclusion of petitioner and other relatives. The intent manifested by the words of the residuary clause, which is under attack, is most apparent and reveals a desire to dispose of all of the decedent's property. If that clause had read "and

the rest to his brother Urbain Lassalle'' the meaning could certainly not be questioned. The addition of the words ''of my'' which appear just between and above the words ''rest to'' would not appear to negative the intent manifested therein. The two words inserted in the position in which we find them, concededly have no meaning, and consequently they may be regarded as surplusage (*Estate of Wood,* 36 Cal. 75, 81; *Estate of Heard,* 25 Cal.2d 322, 328 [153 P.2d 553]; 26 Cal.Jur. 887).

The trial court's construction of the will is in accord with the recognized rules of construction and carries out the obvious intent of the testatrix to dispose of her entire estate.

The order appealed from is affirmed.

Nourse, P. J., and Dooling, J., concurred.