[Civ. No. 4594.   Fourth Dist.   Aug. 5, 1953.]

MARGUERITE GARDNER et al., Appellants, v. HENRY A. SNOW, as Executor, etc., et al., Respondents.

Wing, Wing & Brown for Appellants.

Levenson, Levenson & Block, Price, MacDonald & Knox, Luce, Forward, Kunzel & Scripps, Robert W. MacDonald and Orlando J. Bowman for Respondents.

BARNARD, P. J.—This is an appeal from a judgment based upon the construction of one provision of the will of James L. Ingram. The will was executed on December 4, 1946, and the disputed provision reads:

"FOURTH: That certain Promissory Note representing the balance due from the sale of the Annestone Apartments, which said note is secured by a Deed of Trust, I give, devise and bequeath unto my said sister, IVY INGRAM SNOW she to receive all of the payments of principal and interest thereon during her lifetime.

"Upon the death of my said sister, I give, devise and bequeath the remainder, if any, of said Note and Deed of Trust, in equal shares, to my two (2) nieces, MARGUERITE GARDNER and ANNA DAVIDSON, or to the survivor of them."

This was a note for $70,000 dated June 26, 1946. It was secured by a deed of trust on the apartment house, in which the defendant title company was named as trustee. The note provided that interest at 6 per cent should be paid monthly until $10,000 was paid on the principal; that such a payment should be made after January 15, 1947, and before July 1, 1947, whereupon the monthly interest payments should be reduced to 4 per cent; that another $10,000 should be paid after January 1, 1948, and before July 1, 1948; and that beginning August 1, 1948, the principal and interest should be paid in monthly installments of $500 until July 1, 1951, at which time the entire balance should be paid. The note contained no provision giving the maker the right to make additional payments in advance of the due dates, but it contained a provision that if any installment was not paid when due the entire amount should become immediately due at the option of the holder.

Mr. Ingram died in 1947. During the probate of his will, on an application for partial distribution, the court found that this note was to be distributed to the sister, Mrs. Snow, and ordered it distributed to her "in accordance with the Last Will and Testament of said decedent and with the findings hereinbefore set forth." Pursuant to that decree the note was delivered to Mrs. Snow on August 12, 1948, and her

receipt recited that she was "to receive and hold the said note in conformity with the provisions of" the will. Mrs. Snow received the $500 monthly payments on the note until October, 1950. During that month she received $41,535 in full payment of the note, including three months' advance interest. This full payment resulted from the fact that the makers of the note had resold the apartment house, and had requested a reconveyance under the trust deed in order to clear their title. The title company reconveyed the property at the request of Mrs. Snow. She died on March 7, 1951, a few months before final payment would have been due, under the terms of the note.

The plaintiffs, who are the nieces mentioned in the will, brought this action for an accounting of the monies claimed to have been thus converted to the personal use of Mrs. Snow or her husband; to impress a trust on certain property claimed to be the proceeds thereof; and for damages in the amount that would otherwise have remained unpaid when Mrs. Snow died. There is no dispute as to the material facts, and there is no evidence of the testator's meaning and intent except as disclosed by the language of the will. The court found that the disputed provision did not create a life estate in Mrs. Snow, with a contingent remainder to the nieces; that the decree of partial distribution purported to distribute the note pursuant to the terms of the will; that under the will and under that decree Mrs. Snow was entitled to retain and take clear title to any money collected on the note during her lifetime; and that no unpaid balance remained at the time of her death. It was also found that the final payment in October, 1950, was made voluntarily by the debtors for the purpose of clearing their title, and without any solicitation on the part of Mrs. Snow; that there was no fraud, connivance or conspiracy on the part of Mrs. Snow in receiving that payment and in requesting the title company to reconvey the property; that the receipt of the money by Mrs. Snow, and the discharge and release of the note and trust deed, were made without the knowledge of the plaintiffs; and that it was the intention of the decedent, as expressed in the will, that Mrs. Snow should receive and retain any and all payments made during her lifetime, whether paid in advance or not, and regardless of any remainder. Judgment was entered accordingly, and the plaintiffs have appealed.

It is contended that the partial decree of distribution incorporated the provisions of the will and does not affect

the situation; that the court erred in finding that the disputed provision did not create a life estate; that it is manifest that the testator did not want his sister to have the secured note absolutely, as otherwise this provision would have been unnecessary; that the testator had in mind the possibility of the death of his sister prior to the note's maturity; that since ''the ordinary life estate would not suffice as the sister would then be entitled to the income only, to wit, the interest and not the principal,'' he desired to give the sister the power of consumption with respect to that part of the principal which was paid in her lifetime; that he inserted the phrase ''she to receive all of the payments of principal and interest thereon'' as an expression of the ''consumptive power of a life tenant''; and that he thus created a life estate which could not be destroyed by any act of the life tenant.

It is well settled that it is not what a testator wanted to do but what he actually did, as expressed in the words used, which governs in the absence of other evidence with respect to his intention. It clearly appears that this will did not give to Mrs. Snow a mere life estate in this note with the power of consuming part of the principal, giving the remainder, including the unused portion of the payments already made, to the nieces. She was to receive all payments made in her lifetime, and it cannot be questioned that any such payments, if due when made, would become her absolute property. If the entire note had come due and been paid in her lifetime, the nieces would have had no possible interest therein. As it happened, the entire amount would have been due had she lived some four months more. This was merely a bequest by which certain payments on the note were given absolutely to the sister and, in a certain contingency, the remaining payments were given to the nieces. There was no life estate with respect to any part of the note.

The controlling question is as to the construction to be given to this language of the will; whether it should be construed as giving to the sister all payments actually made in her lifetime, or only such portion thereof as would have been due under the terms of the note. Section 104 of the Probate Code provides that a clear and distinct bequest cannot be affected by any other words not equally clear. The first part of the disputed provision gives this note to the sister. The only limitation is that she is to receive all payments of principal and interest during her lifetime, and that the remainder ''if

any'' is given to the nieces. If the testator intended a further limitation, restricting her to that part of such payments which would have been due under the exact terms of the note, that intention is neither expressly stated nor indicated with equal clarity by any of the language used. The will was drawn by a lawyer, and the note may not have been before the parties at that time. Whether or not the testator and his attorney had in mind the fact that the note contained no provision giving the maker the right to make payments before they were due, the language used indicates that they were concerned with the times when the payments should be made, and not the times when they would become due under the strict terms of the note. It would have been very simple to have provided otherwise had they so desired.

The will specifically provides that the sister is to receive all payments during her lifetime and contains no language expressly limiting the right to receive such payments, if offered, in advance of the due dates. It clearly appears that the testator contemplated the possibility that there might be no unpaid balance left after her death. The bequest to the nieces is expressly limited to the remainder of the payments ''if any,'' and the note contained the usual acceleration clause whereby the entire amount might become due at any time. In view of the language used, it would seem unreasonable to infer that the testator intended to differentiate between payments voluntarily paid in advance and those which had been thus accelerated. It is the true intent of the testator, as expressed in the language employed, which governs in such a case. The trial court's construction of the language used is a reasonable one and, under familiar rules, it cannot be disturbed.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied August 31, 1953, and appellants' petition for a hearing by the Supreme Court was denied October 1, 1953. Traynor, J., and Schauer, J., were of the opinion that the petition should be granted.