[Civ. No. 5429. Fourth Dist. Sept. 24, 1956.]

Estate of CHARLES F. HERRESHOFF, Deceased. VIRGINIA T. HERRESHOFF, Appellant, v. WILLIAM STUART HERRESHOFF et al., Respondents.

Sloane & Fisher for Appellant.

No appearance for Respondents.

MUSSELL, J.—Charles F. Herreshoff died testate in San Diego County on January 31, 1954. His will provided for the distribution of income and principal of his trust estate in the following language:

"*FOURTH:* After the payment of all debts, expenses of administration, commissions, attorneys' fees, court costs and taxes, including State, County, Inheritance, Succession and

Federal Estate, if any, I direct that my entire estate be distributed and I hereby give, devise and bequeath my said estate, real and personal, wheresoever situated, including all failed and lapsed gifts, hereinafter termed "the trust Estate" to San Diego Trust & Savings Bank of San Diego, California, a California Banking Corporation, Virginia T. Herreshoff, and James Brown Herreshoff and Lillian Stuart Herreshoff or the survivor or survivors of them, *In Trust Nevertheless,* to hold, manage and distribute as follows:

"A. *Distribution of Income and Principal.*

"(1) One-half of the net income shall be distributed in monthly or other convenient installments, to or for the benefit of my intended wife, Virginia T. Herreshoff, for and during her lifetime, or for so long *as she remains my widow.*

"(2) One-half of the net income shall be distributed in monthly or other convenient installments in equal shares to my brothers, James Brown Herreshoff and William Stuart Herreshoff, or to the survivor of them, for and during the lifetime of each of my said brothers.

"(3) Upon the death of the last survivor of my said brothers, I direct that the one-half of the net income received by them during their lifetime shall thereafter be paid to my sisters, Jeannette Brown and Anna Francis, in equal shares, should they be then living, or to the survivor of them, and if neither of my said sisters be then living, that said income be thereafter paid to my said intended wife, Virginia T. Herreshoff, for and during her life.

"(4) Upon the death or remarriage of my intended wife, VIRGINIA T. HERRESHOFF, the Trustees shall distribute the income from the trust estate to which she was theretofore entitled, to my brothers herein named, in equal shares, if they be then living, or to the survivor of them if one only be living. And in the event that at the time of the death or remarriage of my said intended wife, Virginia T. Herreshoff, neither of my brothers be then living, and my sisters Jeanette Brown and Anna Francis, or either of them be then living, I then direct said Trustees to distribute the income to be distributed to my intended wife, Virginia T. Herreshoff until her death or remarriage, to my said two sisters share and share alike or to the survivor of them."

The trial judge in his decree construing the will and of final distribution, in effect, added the words "provided she does not remarry" to paragraph A(3) above quoted. The language used by the court appears on page four of the

decree, page 14 of the clerk's transcript, where the court, in providing for the distribution of the one-half of the net income as provided in the fourth provision of the will A(2), provides as follows:

"During the continuance of the trust the trustees or trustee shall distribute the other one-half of the net income of the trust in monthly or other convenient installments to William Stuart Herreshoff, brother of the decedent, for and during his lifetime; upon the death of the said William Stuart Herreshoff, the trustees or trustee shall distribute said one-half of the net income of the trust in monthly or other convenient installments to Jeanette Brown Herreshoff and Anna Francis Herreshoff, sisters of the said Charles F. Herreshoff, in equal shares, if they be then living, or to the survivor of them, should either have died, and if neither of said sisters be then living, then the trustees or trustee shall distribute said one-half of the net income of the trust in monthly or other convenient installments to Virginia T. Herreshoff so long as she lives, *provided however she shall not receive any of such income in the event she shall have remarried, and distribution of income to her shall cease and terminate forthwith in the event she shall remarry after she has received any such one-half of such income.* (Italics ours.)

Virginia T. Herreshoff appeals from the above italicized portion of the decree. No brief is filed on behalf of the respondent. Appellant contends that she has the right to receive one-half of the income from the trust estate after the death of the testator's brothers and sisters, even though she may have remarried by that time. We are in accord with this contention. The testator, in providing for the one-half of the income to be paid to appellant under paragraph Fourth A(1) of the will, provided for the payment of the said one-half of the income to appellant as long as she remained a widow and in the event of her death or remarriage, the income would be distributed to his two sisters (paragraph A(4)). However, in providing for the payment of the other one-half of the income to his brothers, he provides in paragraph A(3) that upon the death of the last survivor of them the income would be distributed to the sisters, if living, and if not, to Virginia T. Herreshoff *for and during her life.* The language used is clear and unambiguous.

The objective in the interpretation of a will is to ascertain the intention of the testator as disclosed by the language he has used in his will. (*Estate of Brunet,* 34 Cal.2d

105, 107 [207 P.2d 567, 11 A.L.R.2d 1382].) It is well settled that it is not what a testator wanted to do but what he actually did, as expressed in the words used, which governs in the absence of other evidence with respect to his intention. (*Gardner* v. *Snow*, 119 Cal.App.2d 546, 549 [259 P.2d 95].) A court may not, under the guise of construction, make a will for a testator to take the place of the one made by him if its intent is plain. (*Estate of Beldon*, 11 Cal.2d 108, 112 [77 P.2d 1052]; *Estate of Soulie*, 72 Cal.App.2d 332, 335 [164 P.2d 565].)

The testator herein clearly provided in said paragraph A(3) for the payment of income to his brothers during their lifetime and thereafter to his sisters, if living. If not, said income was to be paid to his intended wife, the appellant herein, *for and during her life.* By adding the italicized provisions to this paragraph providing that appellant should not receive this income in the event that she should have remarried, the court added a condition not stated in the will and contrary to the plain intent of the testator. The decree is therefore modified by deleting therefrom the following language, appearing on page 14 of the clerk's transcript, lines 29 to 32: "provided, however, she shall not receive any of such income in the event she shall have remarried, and distribution of income to her shall cease and terminate forthwith in the event she shall remarry after she has received any such one-half of such income." As so modified, the decree is affirmed. Appellant to recover costs.

Griffin, Acting P. J., and Burch, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.