[Civ. No. 26433. Second Dist., Div. Three. Feb. 20, 1963.]

Estate of FAITH COLE RICHARDSON, Deceased. BERNARD W. SHAFER, as Executor, etc., Objector and Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Trustee, etc., et al., Petitioners and Respondents.

Birger Tinglof for Objector and Appellant.

Dockweiler & Dockweiler, Earl E. Howard and Charles F. Howard for Petitioners and Respondents.

230

FORD, J.— The question presented on this appeal is whether the executor of the estate of the deceased life beneficiary of a testamentary trust is entitled to the income which came into the hands of the trustee in the period between the last quarterly payment of income to the life beneficiary and the date of the latter's death. The executor has appealed from an order determining that he was not entitled to receive such income from the trustee.

By a decree of distribution in the estate of Faith Cole Richardson, deceased, certain property was ordered to be delivered to the designated trustee as the corpus of the first trust under the decedent's will. In the decree it was further provided in part as follows: "1. The trustee shall pay to or apply for the use and benefit of William H. Richardson, during his lifetime, and for and on account of his support and maintenance, *all of the income* from the corpus of this first trust estate from September 13, 1958, payable in quarterly or other convenient installments, but not less than annually. . . . 3. Upon the death of William H. Richardson, this first trust shall cease, and the remaining corpus and *any undistributed income* shall go to augment the trust estate of the second trust provided for under decedent's will. . . . 5. The costs of administration of this first trust, including trustee's fees, attorney fees, and other related charges, shall be paid and discharged by the income from or corpus of the second trust under decedent's will." (Emphasis added.)

William H. Richardson, the life beneficiary, died on March 2, 1961. The last quarterly distribution to him of income was for the quarterly period ending December 30, 1960, the previous distributions in 1960 having been for the quarters ending respectively March 30, June 30, and September 30.[1] After December 31, 1960, and prior to the death of Mr. Richardson on March 2, 1961, the trustee received income,[2] but none of it was distributed to the life beneficiary

---

[1] As of December 31, 1960, the amount of income received by the trustee from and after July 2, 1959, which had not been distributed to the life beneficiary was in the sum of $834.65. By the order involved on this appeal, it was determined that the executor of the estate of the deceased life beneficiary was entitled to receive that amount from the trustee. On this appeal no question is raised as to that portion of the order.

[2] The respective "payment dates" of some dividends on corporate stock were within this period but the dividends may not have been actually received by the trustee until after March 2. However, in view of the determination herein reached, it is not necessary to make further reference to that matter.

or to the executor of his estate. For the reasons hereinafter stated, we have reached the conclusion that the order from which the appeal was taken embodied a correct determination of the trustee's duty with respect to the disposition of such income.

Guidance is found in section 235A of the Restatement Second of Trusts, which is as follows: "Where property is given in trust to pay the income to a beneficiary for life and on his death to pay the principal to others, such income as has been received by the trustee or has accrued prior to the death of the life beneficiary and has not been paid to him is payable to his personal representatives, *unless it is otherwise provided by the terms of the trust.*" (Emphasis added.) (See also 3 Scott, Law of Trusts (2d ed. 1956) §§ 235A, 238; Bogert, Law of Trusts and Trustees (2d ed. 1962) § 818, pp. 346-348; 1 Nossaman, Trust Administration and Taxation (2d ed. 1957) § 16.03.) Accordingly, recourse must be had to the terms of the trust as set forth in the decree of distribution for the purpose of ascertaining whether there is any provision therein which discloses the intent of the testator with respect to the resolution of the problem presented by the facts now before the court.[3]

It is evident that the testator intended that the life beneficiary, William H. Richardson, should receive *all* of the income of the trust, undiminished by any expenses of administration of the trust. But it is also clear that the trustee acted in compliance with the directions of the testator in making distribution of such income on a quarterly basis. Inherent in such a method of disbursement was the contingency that the life beneficiary might die during the course and prior to the end of a quarterly period and before any distribution to him of income which had been received by the trustee after the last quarterly payment. To meet that contingency and resolve the problem thereby presented, the testator expressly provided that upon such death the first trust should

---

[3]In *Estate of Haney*, 174 Cal.App.2d 1 [344 P.2d 16], at page 9, after making reference to the well established rule of construction that the testator's intent is to be given effect as far as possible, Mr. Justice Tobriner stated: "This rule of construction has been held to be a 'paramount canon in the construction of wills' to which '[a]ll other rules must bend.' (*Estate of Smith* (1943) 58 Cal.App.2d 352, 354 [136 P.2d 366]: see also *Estate of Akeley* (1950) 35 Cal.2d 26, 28-29 [215 P.2d 921, 17 A.L.R.2d 647].) A decree of distribution is a judicial interpretation of such intent: the canon applies to it with the same force that it pertains to a will."

cease and "the remaining corpus and any undistributed income" should go to augment the corpus of the second trust for which provision had been made in her will. To adopt the argument that the income received and undistributed for the period of January 1 to March 2, 1961, should be paid to the executor of the estate of the life beneficiary would be to ignore the language to which reference has just been made.

Moreover, thereby there would be a departure from the well settled rule that the provisions of a trust embodied in a decree of distribution are to be read as a whole, and all parts thereof construed together in relation to each other so as to form, so far as possible, a consistent whole. (*Estate of Warner*, 183 Cal.App.2d 846, 854 [7 Cal.Rptr. 319].) Hence, the only conclusion that can reasonably be reached is that the determination of the trial court as to the disposition which should be made of the undistributed income was correct. (Cf. *Estate of Baldwin*, 69 Cal.App.2d 760, 766 [160 P.2d 124].)

The order is affirmed.

Shinn, P. J., concurred.

Files, J., deeming himself disqualified, did not participate.