IN RE TRUST OF SMITH.

(No. 242946—Decided November 17, 1969.)

Probate Court of Hamilton County.

*Messrs. Squire, Sanders & Dempsey,* for the exceptor.
*Messrs. Cors, Hair & Hartsock,* for cotrustees.

DAVIES, J. Rose Fischer Smith, who died on November 26, 1963, devised the residue of her estate, in trust, to her son, Ralph C. Smith, also known as Ralph Christie Smith, and George F. De Silver, also known as George De Silver, for the following purposes (inter alia):

"Item X. - - -.

"(a) The said Trustees shall pay all the net income of said trust estate to my son, Ralph C. Smith, at least as often as quarterly, for and during his lifetime.

"(b) During the lifetime of my son, Ralph C. Smith, I hereby authorize and empower my said Trustees to make disbursement out of the principal of this Trust Fund to my son, Ralph C. Smith, in such amounts and at such times, but not to exceed the sum of five thousand dollars ($5,000.-00) per year as my said Trustees in their sole discretion may deem advisable, in the event that the income is not sufficient for his proper maintenance and support. The right to disburse principal herein granted shall not be cumulative.

"(c) Upon the death of my son, Ralph C. Smith, the property then held in trust, including all accrued and accumulated but undistributed net income shall be paid and conveyed to my grandchildren, Lucy S. Huebsch and Benedict Smith, equally, share and share alike, provided the oldest of said grandchildren has reached the age of forty (40) years.

"(d) Should the oldest of my said grandchildren not

have reached the age of forty (40) years at the time of the death of my son, Ralph C. Smith, the property then held in trust including all accrued and accumlated but undistributed income, shall be held in trust for the use and benefit of Lucy S. Huebsch and Benedict Smith, until the oldest of said grandchildren shall have reached the age of forty (40) years.

"(e) When the oldest of my said grandchildren shall have reached the age of forty (40) years, the trust shall cease and terminate and my said Trustees shall pay over the corpus of this trust and all accrued and accumulated but undistributed income, to my said grandchildren, in equal shares, free and clear of the trust, absolutely and in fee simple.

"(f) In the event, either of my grandchildren should die before attaining the age of forty (40) years, then upon the death of such grandchild, if she or he is survived by issue, the Trustees shall pay over and distribute the principal and all accrued and accumulated but undistributed income of such grandchild's share to the issue of such grandchild, per stirpes, or if no issue of such deceased grandchild be then living, then to the surviving grandchild.

"(g) In the event Ralph C. Smith, heretofore named as cotrustee herein, shall, for any reason, fail to qualify as Trustee under this, my Will, or having qualified, becomes incapacitated, dies, resigns or is removed as cotrustee, then in either, any or all of such event, I nominate and appoint my grandson, Benedict Smith, be named as co-trustee hereunder."

On December 3, 1963, Ralph C. Smith and George De Silver were appointed executors and trustees of the estate of Rose Fischer Smith, deceased, and on February 19, 1964, they filed their inventory as executors listing a probate estate valued at $823,361.53.

The First National Bank of Cincinnati was employed to act as agent to handle normal custodial and bookkeeping services for the executors and trustees.

Rose Fischer Smith's husband, Benedict Smith, died

testate on July 4, 1959. His estate was inventoried at $462,-184.47, one-half of which was included in a marital trust created for the benefit of his wife, Rose, their son, Ralph Christie Smith, and their grandchildren, Lucy Beale Smith and Benedict Smith, and the grandchildren's lineal descendants.

The trustees of this trust (the said Ralph Christie Smith and George De Silver) were directed to pay all the income from the trust to his wife, Rose, for the term of her natural life and were authorized upon his wife's death, "to pay or otherwise dispose of the corpus of this trust to such persons, including her estate, in such estates and interests, outright or in trust, and in such manner and proportions as she by her last will may appoint." His wife, Rose Fischer Smith, did not exercise this power of appointment.

Rose Fischer Smith's estate was inventoried at $823,-361.53. The auditor increased this valuation to $830,606.-46, upon which amount Ohio Inheritance Tax was fixed. The Tax Department filed exceptions, on June 15, 1964, to the determination of tax based upon the aforementioned valuation on the grounds that there was a failure to include the sum of $419,433.32 in Rose Fischer Smith's inheritance tax proceedings, which sum represented the value of the succession of the life estate to Rose Fischer Smith passing to her under her husband's will over which trust assets she had a power of appointment. The court, on July 13, 1964, sustained the exceptions of the Tax Department and redetermined the inheritance taxes due under Rose Fischer Smith's estate. The Ohio inheritance taxes were fixed at $37,403.20 and paid on August 13, 1964, and the federal estate tax was fixed at $221,827.45 and paid, $220,-534.94 on February 26, 1965, and $1292.51 on August 26, 1966. Questions also arose during the administration of the wife's estate concerning the impact of income taxes on the trust property contained in both the husband's and wife's estates, and concerning the sale of real estate in the wife's estate. There was insufficient cash in the wife's estate to pay the inheritance and estate taxes in her estate,

Ralph C. Smith resided in Darien, Connecticut, and he relied upon his co-executor, George De Silver, The First National Bank, and the attorneys for the estate to carry out most of the details connected with the administration of his mother's estate. Because of the shortage of cash to pay the inheritance and estate taxes, totalling $259,230.65, Mr. De Silver, the bank, and the attorneys for the fiduciaries recommended to Ralph C. Smith that he and his co-fiduciary, George De Silver, use the "accrued and accumulated but undistributed" income, which was due him under his mother's will to help pay the inheritance and estate taxes in his mother's estate with the definite understanding that he would be reimbursed by the trustees out of the assets of the estate for all the "accrued and accumulated" income due him which would be used to pay the taxes.

Ralph C. Smith married Augusta Louise Meyer on February 22, 1964, and he died on December 24, 1965, survived by his wife, Augusta, his son, Benedict Smith, also known as Benedict Nelson Smith II, also known as Benedict N. Smith II, and his daughter, Lucy S. Huebsch. Between the death of Rose Fischer Smith and the death of Ralph C. Smith, under the circumstances hereinbefore set forth, no income payments were made to Ralph from his mother's estate and only one $5,000 principal payment was made to him under the provisions of Item X of the mother's will.

On December 24, 1965, when Ralph C. Smith died, the amount of accumulated but undistributed income due him amounted to $40,069.67, which had been used to assist in paying the inheritance and estate taxes in his mother's estate.

On April 13, 1966, after the death of Ralph C. Smith, George De Silver as the sole surviving executor of the estate of Rose Fischer Smith, deceased, filed the first current account. On May 20, 1966, Benedict Nelson Smith II succeeded Ralph C. Smith as executor and trustee. On November 15, 1966, George De Silver and Benedict Nelson Smith II filed their final and distributive account as

coexecutors of the estate of Rose Fischer Smith, deceased. On December 9, 1966, George De Silver and Benedict Nelson Smith II filed, as trustees in the estate of Rose Fischer Smith, deceased, an inventory listing property valued at $509,484.44. On January 6, 1969, George De Silver and Benedict Nelson Smith II filed their First Current Account as cotrustees under the trust of Rose Fischer Smith, deceased, for the period July 15, 1966, through July 31, 1968.

Augusta Louise Meyer Smith, as executrix of her deceased husband's, Ralph C. Smith's, estate, which is being administered in Connecticut, has filed the following exceptions to the first current account filed on January 6, 1969:

"Now comes Augusta Louise Meyer Smith, Executrix under the will of Ralph C. Smith, deceased, and says that said Ralph C. Smith until his death on December 24, 1965, was the beneficiary of the income of the residuary trust under the Last Will and Testament of Rose Fischer Smith; that although the Executors of the Estate of Rose Fischer Smith did not determine the income which accrued to the date of death of said Ralph C. Smith an examination of the first current account and final and distributive account of said Executors shows that the amount of said income was not less than $40,069.67; that she excepts to the account styled 'First Current Account of George De Silver and Benedict Nelson Smith, II, Co-Trustees of the Trust u/w Rose Fischer Smith, deceased, for the period July 15, 1966, through July 31, 1968,' and says that said account is not true and correct in the following particulars, towit:

"1. The Trustees failed to determine the amount of the net income accruing from the date of death of the testatrix, Rose Fischer Smith, to the date of death of Ralph C. Smith, and failed to pay the same to the within exceptor as Executrix under the will of Ralph C. Smith.

"2. The Trustees wrongfully paid said net income to Lucy S. Huebsch and Benedict N. Smith II in disregard of the provisions of the will of Rose Fischer Smith which named Ralph C. Smith as beneficiary of the income of her residuary trust."

It is settled beyond all possible doubt that the function of the court in a will construction case is to determine and apply the testator's intention, as expressed in the language of the whole will, read in the light of the circumstances surrounding its execution. *Casey* v. *Gallagher*, 11 Ohio St. 2d 42.

Courts outside Ohio often have been called upon to decide what distribution of income should be made in trusts which provide for payments of income to life beneficiaries with further provisions that upon the deaths of the life beneficiaries the accumulated but undistributed or undisbursed income in the trusts be paid to designated remaindermen.

Some of these, as the following, cases hold that the words "undisbursed income" or "undistributed income" mean income not actually paid to the life beneficiaries and that any and all income not paid to them should be paid to the remaindermen and not to the estates of the deceased life beneficiaries: *In re: Hospital Trust Co.* v. *Otis*, 77 R. I. 296, 75 A. (2d) 210; *Wyckoff* v. *Garrison* (Del. Ck.) 237 A. (2d) 139; *Fidelity Union Trust Co.* v. *Stengel*, 43 N. J. Super. 513, 129 A. (2d) 302; *In re Montfort's Trust,* 244 N. Y. S. (2d) 526, 41 Misc. (2d) 88. Other cases, as the following ones, hold that where a testator or settlor creates a trust providing for payment of income to a life beneficiary and payment at the death of the life beneficiary of accumulated or undisbursed income to remaindermen, the testator or settlor expresses an intention to give absolutely and unqualifiedly income to the life beneficiary which income becomes his absolute and vested property, that he cannot be divested or deprived of any part of it by acts, designs, or default on the part of the trustee, and that income which accrues prior to the death of the life beneficiary and has not been distributed to him is payable to his personal representative. *Estate of Richardson,* 213 C. A. (2d) 229, 28 Cal. Rptr. 599; *Commercial Trust Co.* v. *Spiegelberg,* 117 N. J. Eq. 171, 175 A. 164; *Horlick* v. *Sidley,* 241 Wis. 81, 3 N. W. (2d) 710; *Matter of Watson,* 262 N. Y. 284, 186 N. E. 787; *Welch* v. *Apthorp,* 203 Mass. 249,

89 N. E. 433. The cases which hold that the "accumulated but undistributed" income should be paid to the personal representative of the deceased life beneficiary also sometime hold that where the trustee is directed to distribute income to a life beneficiary on a quarterly, or other periodic, basis, the personal representative of the deceased life beneficiary's estate is not entitled to the income that came into the hands of the trustee in the period between the last quarterly, or other periodic, payment of income to the life beneficiary and the date of the latter's death. (See *Estate of Richardson, supra.*)

In Ohio it has been decided that "where one is bequeathed the income from certain property for life, he is entitled to such income from the death of the testator, in the absence of anything in the will to the contrary." *Davidson* v. *Savings & Tr. Co.*, 129 Ohio St. 418; *Holmes* v. *Hrobon*, 158 Ohio St. 508. A will creating a testamentary trust and directing payment of income therefrom in semi-annual installments to a beneficiary during his natural life, and containing no limitation that such income shall not extend beyond that allocable to him at a certain fixed date prior to his death, and not irreconcilable with full distribution to the beneficiary for the entire period of his life, requires full distribution of trust income accumulated during every day that he lives. The term "accrued earnings," as used in a will bequeathing the "net income" of a testamentary trust to named beneficiaries until the last of such beneficiaries dies and upon the death of all such beneficiaries the estate, "both principal and accrued earnings," to be transferred to a named remainderman, means the income accruing from the date of the death of the last life beneficiary until final distribution of the estate. *Deweese* v. *P. M. Hospital Assn.*, 85 Ohio App. 310.

Rose Fischer Smith directed her trustees to pay all the net income from her trust estate to her son, Ralph C. Smith, at least as often as quarterly, for and during his lifetime, and also authorized and empowered the trustees to make disbursement out of the principal of the trust fund to him in such amounts and at such times, but not to

exceed the sum of $5,000 per year, as the trustees in their sole discretion might deem advisable, in the event that the income was not sufficient for his proper maintenance and support. It will be noted that while the testatrix extended to her trustees the discretionary power to spend an annual sum not to exceed $5,000 per year from principal, she mandatorily directed her trustees to pay all the net income from her trust estate to her son, who did not disclaim or renunciate his right to receive the net income from the trust created for his benefit by his mother. Actually, he consented and agreed not to accept currently the net income from his mother's estate so that this income could be used to help pay inheritance and estate taxes in his mother's estate with the definite understanding that the accumulated income withheld from him would subsequently be repaid him out of the estate. He died before any income was distributed to him.

Under these circumstances the executrix of the estate of Ralph C. Smith, deceased, is entitled to receive the "accrued and accumulated but undistributed net income" due him at the time of his death on December 24, 1965, except the net income which came into the hands of the trustees for the period between the last quarterly payment of income to him and the date of his death.

The exceptions of Augusta Louise Meyer Smith as executrix under the will of Ralph C. Smith, deceased, therefore, will be sustained, as set forth in the preceding paragraph.

*Exceptions sustained.*